Charles L. **FLETCHER** and Milton Fredman, as the Co-Trustees of Royal Inns of America, Inc., a California Corporation, Plaintiffs-Appellants,

v.

Earl **GAGOSIAN**, Individually and as Trustee of the Earl Gagosian and Mary C. Gagosian Trust, Mary C. Gagosian, Individually and as Trustee of the Earl Gagosian and Mary C. Gagosian Trust U/A, Does I through XXV, and Roes I through XXV, Defendants-Appellees.

No. 77–3488.

United States Court of Appeals, Ninth Circuit.

Sept. 17, 1979.

**638**

Terry D. Ross, Gray, Cary, Ames & Frye, San Diego, Cal., for defendants-appellants.

James W. Meisenheimer, Ferris, Brennan & Meisenheimer, San Diego, Cal., for plaintiffs-appellees.

Before CHAMBERS, WALLACE and TANG, Circuit Judges.

CHAMBERS, Circuit Judge:

At the outset we have to decide if we have jurisdiction. This is an attempted appeal by court-appointed trustees of a California corporation undergoing reorganization under Chapter X of the Bankruptcy Act. Their third amended complaint is in two counts. It alleges that the defendants were insiders who traded improperly in the corporation's stock. The Gagosians were named as defendants with other former officers and directors.

On August 3, 1977, the district judge granted the Gagosians' motion to dismiss Count I. In the same order, he dismissed Mary Gagosian from Count II, but left it standing as to the other defendants. He also denied the Gagosians' motion for costs. At this point there was clearly no basis for

any appeal from a "final decision," as Section 1291 of Title 28 defines it. The second count had yet to be adjudicated. And there could be no interlocutory appeal as the district judge categorically refused to certify it as such under 28 U.S.C. § 1292(b), and Rule 54(b), F.R.Civ.P.*

On September 2, 1977, appellant trustees filed a document with the district court indicating that they were dismissing Count II, without prejudice, under Rule 41(a)(1) F.R.Civ.P. They simultaneously filed a notice of appeal "from the Order of Judge Howard B. Turrentine dismissing Count I of the Complaint in the above-captioned matter entered in this action on the 3rd day of August, 1977." The case is now before us on that notice of appeal.

Traditionally, a "final decision," as the term is used in Section 1291, is viewed as a decree or judgment of the court. *In re Tiffany*, 252 U.S. 32, 40 S.Ct. 239, 64 L.Ed. 443 (1920). There is nothing in this record purporting to be a judgment and nothing indicating that the district court intended to have a judgment entered. The district judge was apparently never asked to approve the dismissal of Count II. A "so ordered" stamp at the bottom of the document is crossed out; it bears neither signature nor date. Clearly on the facts of this case (answer having not yet been filed) judicial approval was not required to dismiss the remaining counts voluntarily under Rule 41(a). But it is another matter to claim that this voluntary abandonment of those counts converted what had been an unappealable order into an appealable order, without the district judge's participation and perhaps without his personal knowledge.

A judicial decision is, by definition, a verbalized action of the court; it is not the product of judicial silence and inaction. If appellants' theory is accepted then a matter can be removed from district court jurisdiction by the unilateral action of a plaintiff and in a manner that removes the district judge from any control in terms of timing,

---

* "Counsel, if I dismiss it, we are not going to certify this for a new appeal. I dismissed it once . . . if I do again I am not going to certify for appeal. It is going to go at the tail end, not at the front end."

in terms of ascertaining costs, and in terms of having the opportunity to review his order dismissing part of the complaint in the context of the total litigation.

Moreover, if we accept appellants' rationale, then we also accept the notion that the policies against multiplicity of litigation and against piecemeal appeals may be avoided at the whim of a plaintiff. He need merely dismiss portions of his complaint without prejudice, appeal from what had been an interlocutory order, and refile the dismissed portion as a separate lawsuit. That is precisely what appellants did here.

We also have difficulty with appellants' theory if we look at it in the context of the need for procedural order and accuracy. Court records are public records to which the public refers for a variety of reasons. See e. g. Rule 79, F.R.Civ.P. The public is often acutely interested in whether a "final decision" has or has not been entered. If we accept appellants' notion, the public will be left to read the entire district court file and attempt to draw some conclusion as to the legal effect of documents read one with another. The public is entitled to something more conclusive and definitive than this sort of procedure. The confusion that would result, if appellants' theory were accepted, is also apparent in terms of fixing the time when the notice of appeal is to be filed. Again, something more conclusive and definitive is required to give the parties notice that the district court has finally determined the action.

We may look to other fact situations for an analogy. We think dismissal of a count can be equated, in some sense, to dismissal of a "complaint" (as opposed to dismissal of an "action"). A court order for dismissal of a complaint, with leave to amend, is in most cases *not* a final decision from which an appeal may be taken. *Dockery v. Dockery,* 437 F.2d 898 (9th Cir. 1971). If a plaintiff decides to stand on the complaint as drafted, and appeal its dismissal, the proper procedure is to notify the court of the fact. The court then issues a judgment and the appeal is taken. The appeal is *not* from the notice of intent to stand on the complaint, but from the judgment so entered. *Bundy v. Gibson,* 295 F.2d 62 (9th Cir. 1961).

Appellants refer us to *Division 241, Amalgamated Transit Union (AFL–CIO) v. Suscy,* 405 F.Supp. 750 (N.D.Ill.1975), aff'd. 538 F.2d 1264 (7th Cir. 1976). But in that case an appeal was taken after the plaintiff moved for, and obtained, a dismissal of the remaining counts by the district judge. It is not clear, as appellants assert, that an answer had been filed in *Suscy,* thereby requiring that any voluntary dismissal be with the court's approval under Rule 41(a)(2). And it is not totally clear whether there was, or was not, anything filed by the district court in that case other than the order granting the plaintiff's motion for voluntary dismissal. Whatever the actual facts in *Suscy,* we adhere to our view that the unilateral dismissal of remaining counts by the plaintiffs in this case did not convert the pre-existing order for the dismissal of Count I into a final appealable order.

It is appellants' burden to demonstrate to this Court that we have jurisdiction. *Resnik v. La Paz Guest Ranch,* 289 F.2d 814, 817 (9th Cir. 1961). They have not done so here. The appellate appeal is dismissed for lack of appellant court jurisdiction.