**Alyne Bingham PRICE, Appellant,**

v.

**HORACE MANN LIFE INSURANCE COMPANY, Appellee.**

**No. 9068.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 21, 1979.

Rehearing Denied Dec. 19, 1979.

Robert E. Barfield, Amarillo, for appellant.

Jeffrey S. Baird, Gibson, Ochsner & Adkins, Amarillo, for appellee.

REYNOLDS, Chief Justice.

Alyne Bingham Price brought this action to recover benefits designated in a hospital-surgical and major medical expense policy issued to her by Horace Mann Life Insurance Company. Horace Mann moved for summary judgment on the ground the policy lapsed and was not reinstated before Mrs. Price incurred the medical expenses. Mrs. Price moved for partial summary judgment on the ground that Horace Mann's acceptance of her late premium reinstated the policy before she incurred the expenses. The trial court overruled Mrs. Price's motion and granted Horace Mann's motion, summarily decreeing that Mrs. Price take nothing by her action. Concluding that the question of reinstatement is still an unresolved material fact issue, we reverse and remand.

The summary judgment proof, though consisting mainly of affidavits from interested parties and tainted with conclusory statements, does establish the absence of fact issues respecting these matters: Horace Mann's policy scheduled a coverage of Mrs. Price's basic and major medical expenses from and after 1 January 1974. A policy provision grants a grace period of 31 days for the payment of each premium after the first premium. Another policy provision reads, in part:

REINSTATEMENT: If any renewal premium be not paid within the time granted the Insured for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate this policy; provided, however, that if the Company or such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, this policy will be reinstated upon approval of such application by the Company or, lacking such approval, upon the 45th day following the date of such conditional receipt unless the Company has previously notified the Insured in writing of its disapproval of such application.

The monthly premium due 1 September 1976[1] was not timely tendered. A check dated October 8 in the amount of two monthly premiums was thereafter mailed in Amarillo, Texas, and received by Horace Mann in Springfield, Illinois, on October 26. The check was deposited in Horace Mann's "random suspense" account, an account maintained for the receipt of moneys pending a determination of proper disbursement. The check was charged to Mrs. Price's bank account on or about November 1. On November 2, Horace Mann's record section received notice from the cashier of the receipt of the payment. A letter dated November 8 was mailed to Mrs. Price, advising that her plan of health insurance lapsed September 1 because the premium was not paid before the expiration of the 31 day grace period, and that "[y]ou may reapply for this protection by completing the enclosed application." Horace Mann did not receive a reinstatement application from Mrs. Price. All moneys Horace Mann has received from Mrs. Price since September 1 have been refunded to her, but Mrs. Price has not negotiated or used any check mailed to her as a refund. The medical expenses giving rise to this litigation were incurred by Mrs. Price beginning 29 March 1977.

Summary judgment procedure is designed to eliminate patently unmeritorious claims and untenable defenses where there is no genuine issue of fact; therefore, it is

1. Unless otherwise noted, all dates recorded are in the calendar year 1976.

unavailable for the adjudication of the merits of any material issue of fact. *In re Price's Estate*, 375 S.W.2d 900, 904 (Tex. 1964). So, summary judgment would be appropriate under either party's motion only if the summary judgment proof before the court conclusively shows that no unresolved material issue of fact precludes a judgment decreeing that the policy either was or was not reinstated.

Horace Mann's defense of the summary judgment rendered is premised on the established facts that it placed Mrs. Price's late payment unapplied in its suspense account and required an application for reinstatement which was not submitted. From these facts, Horace Mann concludes that as a matter of law there was no acceptance of the late payment to reinstate the policy. Conversely, Mrs. Price attacks the summary judgment and asserts her right to partial summary judgment on the basis that Horace Mann retained her payment for thirteen days after its receipt and eight days after her check was paid by her bank before requesting an application for reinstatement. She concludes these facts establish as a matter of law Horace Mann's waiver of a reinstatement application and acceptance of her payment to reinstate her policy.[2]

The force of the summary judgment proof must be measured against the reinstatement provision. By that provision, Horace Mann has the option of reinstating the policy under either one of these two conditions: (1) acceptance of a premium tendered late, thereby waiving an application for reinstatement; or (2) conditionally receipting for the late premium and approving a required application for reinstatement. Although the provision prescribes the time within which Horace Mann must affirmatively disapprove a submitted application for reinstatement, the proviso is silent as to the time within which Horace Mann, after receipt of a late payment, may require an application for reinstatement in lieu of an acceptance of the late payment.

In this connection, it is basic that insurance policies are contracts and, usually, are governed by the rules of interpretation applicable to contracts generally. Equally basic is that if the contract is silent as to the time fixed for performing an act under the contract, the law presumes the parties intended a reasonable time.

"Reasonable time" is a relative term. It never means an indulgence in unnecessary delay; instead, it denotes such promptitude as the circumstances will allow for the action called for by the contract. Ordinarily, what is a "reasonable time" under the circumstances of a particular case is a mixed question of law and fact and should be submitted to the trier of the facts. *See American Guardian Insurance Company v. Rutledge*, 404 S.W.2d 847, 851 (Tex.Civ.App. —Tyler 1966, no writ) and cases there cited.

The principle becomes operative under the state of this summary judgment record. At the time Mrs. Price's remittance was received by Horace Mann, her policy had lapsed. Upon receipt of the late payment, Horace Mann had the right to accept it in reinstatement of the policy or to require an application for reinstatement for its approval before the policy was reinstated. Horace Mann alone controlled the course of action and, absent a time fixed in the policy, the law dictates that Horace Mann opt for one course of action or the other within a reasonable time. Thirteen days after Mrs. Price's payment was received, Horace Mann solicited an application for reinstatement. If this action was taken within a reasonable time, Horace Mann has no liability under the lapsed policy; if otherwise, Horace Mann waived the requirement of a reinstatement application and its waiver constituted an acceptance of the late payment for reinstatement of the policy.

The question, then is: does the summary judgment proof conclusively establish

---

**2.** We do not view any of the authorities cited by the parties for their respective positions as determinative under this record. Suffice it to state that those decisions were reached on facts showing either an unequivocal acceptance of a late payment or a request for a reinstatement application immediately upon receipt of the late payment.

whether Horace Mann opted for the reinstatement application within a reasonable time or after an unreasonable time? The answer is derived from what the record shows Horace Mann did. The record, however, merely establishes that Horace Mann deposited Mrs. Price's payment in its suspense account and thirteen days later notified her of the lapse and solicited the application for reinstatement. Neither occurrence, singularly or collectively, conclusively establishes the reasonable time issue.

The placement of the payment in the suspense account evidences its non-application but does not determine its acceptance within the meaning of the policy, for all payments received by Horace Mann are deposited in that account pending a determination of proper application. The thirteen day elapse from receipt to notification, without more, is inconclusive. Bearing on both of these circumstances, but unmentioned in the summary judgment record, is the matter of the issuance of a conditional receipt which, by virtue of the reinstatement provision, is indicative of non-acceptance of the premium and an adjunct to requiring an application for reinstatement. Also material, but not mentioned, are the normal and prudent practices in the business which, to some degree, would be further indicative of a standard of reasonable time within which to require an application for reinstatement. These unmentioned matters certainly are proper items of factual information for consideration by the trier of the facts in determining whether Horace Mann acted within a reasonable time to require a reinstatement application.

When the status of the facts adduced is correctly weighed and balanced, it is apparent that a material issue of fact is yet to be resolved. Accordingly, summary judgment is precluded under either motion.

The judgment of the trial court is reversed and the cause is remanded.