**Diane T. HICKS, Plaintiff-Appellant,**

v.

**NLO, INC., and Hanford Environmental Health Foundation, Defendants-Appellees.**

**No. 86–4057.**

United States Court of Appeals, Sixth Circuit.

Submitted June 17, 1987.

Decided Aug. 7, 1987.

Phillip B. Allen, Waite, Schneider, Bayless & Chesley Co., L.P.A., Cincinnati, Ohio, for plaintiff-appellant.

William H. Hawkins, James R. Adams, Frost & Jacobs, Cincinnati, Ohio, for NLO, Inc.

Kim K. Burke, Taft, Stettinius & Hollister, Cincinnati, Ohio, R. Joseph Parker, for Hanford Environmental Health Foundation.

Before KENNEDY and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.

PER CURIAM.

Defendant Hanford Environmental Health Foundation ("HEHF"), joined by defendant NLO, Inc. ("NLO"), moves to dismiss plaintiff's appeal on the grounds that there has been no adjudication of claims that turned earlier dismissals on summary judgment into a final and appealable order when plaintiff voluntarily dismissed the remaining claim.

Larry Hicks, plaintiff's deceased spouse ("decedent") was employed at the Feed Material Production Center, Fernald, Ohio, which is operated by NLO, from April 16, 1973 until he died on May 20, 1985. On the date of his death, decedent awoke feeling weak, he had trouble walking, and his heartbeat was irregular. He went to his physician's office and was admitted to the Cardiac Care Unit of a Cincinnati hospital. He died of acute interstitial myocarditis shortly after admission. Decedent's physician notified the Hamilton County Coroner's Office of decedent's sudden death and reported that recent work place exposure to uranium oxide and/or dioxide may have caused or contributed to decedent's death. The coroner designated decedent's death a "coroner's case" and caused his staff to take control of the body. Subsequently, the coroner had a radioisotope laboratory perform a whole body radioactive count in order to determine whether an autopsy could safely be performed.

On May 22, 1985, representatives of both HEHF and NLO called the Coroner's Office. The NLO representative inquired as to whether an autopsy would be performed and offered the services of the United States Uranium Registry ("Registry"), which is run by HEHF. The HEHF representative also offered the Registry's services. The coroner accepted HEHF's offer to perform tests on decedent's organs and body tissues.

Plaintiff sued NLO and HEHF in state court for wrongful death. She alleged in her complaint that: 1) decedent was 33 years old, was in excellent health and had no prior history of heart disease; 2) NLO intentionally, maliciously, willfully and wantonly failed to correct the hazards of exposure to uranium oxides or failed to warn the decedent of the hazards of such exposure; 3) as a result of NLO's failure, the decedent was contaminated five days before his death; 4) NLO and HEHF planned and conspired to obtain organs and tissue samples from the decedent without the consent of plaintiff and defendants did obtain the samples; 5) as a result she suffered mental anguish; and 6) the foregoing acts and omissions of defendants were the direct and proximate cause of her injuries. Plaintiff sought compensatory damages of $6,000,000, punitive damages of $5,000,000, costs and attorney's fees.

Defendants removed the action to federal court. Subsequently, both moved for sum-

mary judgment. HEHF argued that since it acted on behalf of the coroner, who was authorized to autopsy decedent's body, it did not require plaintiff's permission to use tissue samples from decedent's body. HEHF also argued that plaintiff's claim that NLO and HEHF conspired to obtain organs and tissue samples without her permission failed to state a cause of action under Ohio law. NLO joined in HEHF's arguments and moved for partial summary judgment on the second and third counts of plaintiff's complaint.

The District Court found that plaintiffs wrongful death claim against NLO (Count I) was not the subject of either motion for summary judgment. By order dated March 27, 1986, it granted HEHF's motion for summary judgment and NLO's motion for partial summary judgment, 631 F.Supp. 1207. Plaintiff prematurely appealed ftom the District Court's grant of summary judgment, but she voluntarily dismissed the appeal. On October 20, 1986, plaintiff voluntarily dismissed, without prejudice, her wrongful death claim against NLO. The District Court and defendants signed the stipulation to dismiss. Plaintiff then appealed from the order granting summary judgment asserting that it became appealable by reason of the October 20, 1986 stipulation dismissing the remaining count.

The sole issue before the Court is whether plaintiff may appeal from the stipulation to dismiss her final claim where the District Court previously granted summary judgment against her on the other claims. Defendants argue that the stipulation to dismiss was not an order of judgment, which could impart finality to the March 27, 1986 order granting summary judgment. They rely on *Fletcher v. Gagosian*, 604 F.2d 637 (9th Cir.1979), for the proposition that voluntary dismissal of claims will not convert a non-appealable order into an appealable order. They also argue that since the District Court did not certify that there was "no just reason for delay" under Fed.R.Civ.P. 54(b), this Court lacks jurisdiction.

Generally, where the trial court allows the plaintiff to dismiss his or her action without prejudice, the judgment is final for appeal purposes. 5 Moore's Federal Practice ¶ 41.05[3] (2d ed. 1986). However, the plaintiff cannot appeal since the judgment is not an involuntary adverse judgment against the plaintiff. *Id.* Here the District Court's earlier grant of summary judgment was an involuntary adverse judgment against plaintiff. Therefore, we hold that plaintiff's dismissal with the concurrence of the court of the only count of her complaint which remained unadjudicated imparted finalty to the District Court's earlier order granting summary judgment. Hence, plaintiff's appeal is properly before this Court. This case is distinguishable from *Fletcher v. Gagosian* because the District Court signed the stipulation to dismiss as did the parties. The District Court thus appears to have approved the dismissal of NLO. The Ninth Circuit in *Fletcher* was concerned that permitting a plaintiff to appeal after a voluntary dismissal about which the district judge knows nothing prevents the judge from having the opportunity to review in the context of the total litigation the earlier order dismissing part of the complaint. Where, as here, the district judge signed the order of dismissal, the judge was aware that all claims were now disposed of. Indeed the stipulation recites the previous dismissal of the other counts. Nor would the public be confused, the other concern of the *Fletcher* court, since the stipulation refers to all of the counts of the complaint and the judge's signature is the principal signature on the document. Where a court has entered judgment against a plaintiff in a case involving more than one claim and the plaintiff voluntarily dismisses the claim or claims, which made the judgment non-appealable and the dismissal is brought to the attention of the district court, this Court will not penalize the plaintiff by dismissing his or her appeal.

Accordingly, the motion to dismiss the appeal is DENIED.