775 P.2d 737

**WESTERN COMMERCE BANK, formerly known as Commerce Bank and Trust, a New Mexico banking corporation, Plaintiff–Appellant,**

v.

**Sylvian E. GILLESPIE, Senior Vice-President and Trust Officer of United New Mexico Bank at Roswell, et al., Defendants–Appellees.**

**and**

**WASHINGTON RANCH, LTD., a limited partnership, et al., Plaintiffs–Appellees,**

v.

**WESTERN COMMERCE BANK, Defendant–Appellant,**

v.

**Sylvian E. GILLESPIE, Senior Vice-President and Trust Officer of United New Mexico Bank at Roswell, et al., Third–Party–Defendants–Appellees.**

No. 18089.

Supreme Court of New Mexico.

June 28, 1989.

Franklin, Abernethy & Hughes, Perry C. Abernethy, Albuquerque, for plaintiff-appellant.

Hinkle, Cox, Eaton, Coffield & Hensley, Richard E. Olson, Albert L. Pitts, Rebecca N. Johnson, Roswell, for plaintiffs-appellees Washington & Miller.

Maddox, Renfrow & Saunders, James P. Saunders, Jr., John Paul Weber, Hobbs, for defendant-appellee United NM Bank at Roswell.

## OPINION

RANSOM, Justice.

Western Commerce Bank appeals from an order enforcing an agreement in settlement of the claim of Western as a creditor of the Miller estates. Because Western had failed to file its claim within the time limitations under the probate code, the personal representatives had refused to pay the claim. Relying upon defects in the published notice to creditors, Western sued the personal representatives and heirs on unpaid promissory notes in the principal sum of $315,962.86. On February 10, 1988, the heirs tendered an offer of settlement that provided for the payment of $275,000, subject to the heirs obtaining the financing necessary for the settlement payment. Western accepted. Approximately two months later, Western revoked or repudiated the settlement agreement on the grounds that the heirs had not obtained the financing within a reasonable period of time.

In its letter decision granting the motion to enforce settlement, the trial court stated that:

The Court will first address Motion to Enforce Settlement. The facts are undisputed that the parties entered into a Settlement Agreement on or about February 10, 1988. The offer was subject to Plaintiff's attaining financing to enable them to consummate the settlement offer. The offer was accepted by Defendant Western Commerce Bank. Plaintiff worked on getting the necessary financing and had entered into an agreement with United New Mexico Bank Financial Corporation. The process did take some time to complete but *not an unreasonable amount of time* under the circumstances and considering the amount of the financing. Defendant Western Commerce Bank's president, Mr. Don Kidd, directed counsel for Defendant to withdraw the acceptance of the settlement offer because he did not feel Plaintiff was proceeding with due diligence. However, the Exhibits of correspondence circulated between the parties and the testimony of the witnesses proved otherwise. The Court finds that the Plaintiff was acting with *due diligence* to complete the financing and was keeping Defendant Bank informed of the progress. United Bank's officer testified it was prepared to continue with its agreement with Plaintiff to fund the settlement. Therefore, the Court grants Plaintiff's motion and the Court directs the parties hereto to complete the Settlement Agreement within sixty (60) days from the entry of the Order in the case.

(Emphasis added.)

Western argues that, because the court found the offer was subject to the heirs attaining financing to enable them to consummate the settlement offer, the financing contingency was a condition precedent to the *formation* of a contract. In *Elephant Butte Resort Marina, Inc. v. Woolridge*, 102 N.M. 286, 289, 694 P.2d 1351, 1354 (1985), this Court stated that a condition precedent must be satisfied before the contract is formed, citing *Wyrsch v. Milke*, 92 N.M. 217, 585 P.2d 1098 (Ct.App.1978). A close reading of *Elephant Butte*, however, reveals that the Court was confirm-

ing the contention that *performance* (not *formation*) was conditional. Despite language such as "before the contract is formed," *Elephant Butte*, 102 N.M. at 289, 694 P.2d at 1354, or "fulfill the condition precedent which would have given rise to a binding contract," *Wyrsch*, 92 N.M. at 221, 585 P.2d at 1102, we do not read *Elephant Butte* or *Wyrsch* to apply the principles of contract law urged by Western. In *Wyrsch*, it was held that the party bound to perform the condition precedent "did not perform in time and therefore breached the contract." 92 N.M. at 221, 585 P.2d at 1102.

■■■ The existence of a contract does not hinge on a condition that qualifies a party's duty to perform. *M.K. Metals, Inc. v. Container Recovery Corp.*, 645 F.2d 583, 588 (8th Cir.1981) (citing *Cohen v. Crumpacker*, 586 S.W.2d 370, 375 (Mo.Ct. App.1979)). Generally, a condition precedent is an event occurring subsequently to the formation of a valid contract, an event that must occur before there is a right to an immediate performance, before there is breach of a contractual duty, and before the usual judicial remedies are available. 3A A. Corbin, *Corbin on Contracts* § 628, at 16 (1960). *See, e.g., Evans v. Prufrock Restaurants, Inc.*, 757 S.W.2d 804 (Tex.Ct. App.1988); *Walter Implement, Inc. v. Focht*, 107 Wash.2d 553, 730 P.2d 1340 (1987). Whether conditions precedent are considered prerequisites to formation of a contract or prerequisites to an obligation to perform under an existing agreement is controlled by the intent of the parties. *See Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex.1976); *GRD Dev. Co. v. Foreca, S.A.*, 747 S.W.2d 9 (Tex.Ct. App.1988).

■■ Here, the heirs implicitly promised to use due diligence to obtain financing and pay $275,000 within a reasonable period of time. In their briefs, the parties agreed that, where no time for performance of a condition precedent is specified, the law implies a reasonable time within which to perform. *See Smith v. Galio*, 95 N.M. 4, 7, 617 P.2d 1325, 1328 (Ct.App.1980). Western accepted the offer, promising to fore-

bear further claims. The contract was thereby formed and became binding. There is no ambiguity. We consequently reject Western's contention at oral argument that, until the heirs met the condition precedent, there was no contract and Western could repudiate.

The heirs acknowledge a right of repudiation if a condition precedent is not satisfied, *see Enerdyne Corp. v. William Lyon Dev. Co.*, 488 F.2d 1237 (10th Cir.1973), *accord Elephant Butte Resort Marina, Inc.*, 102 N.M. at 289, 694 P.2d at 1354, but maintain that here the condition precedent was satisfied within a reasonable period of time. Western complains that the heirs unreasonably delayed satisfaction of the condition precedent because, in addition to seeking financing for the settlement agreement, the heirs sought financing for pre-existing loans, improvements on real property, partnership operation expenses, and the payment of accounting and attorney fees. Although Western characterizes this conduct as the unilateral insertion of an additional term into the settlement agreement, we believe it appropriate to analyze the issue on the basis of reasonableness of delay arising out of activity not contemplated as part of the financing contingency agreed upon by the parties. We note also that the issue as framed is not whether Western acted reasonably in its repudiation of the settlement agreement. If the heirs had failed to satisfy the financing contingency within a reasonable time, Western's right of repudiation would have been unconditional and the question of the reasonableness of its action in revoking the agreement immaterial.

■ Citing *Price v. Horace Mann Life Ins. Co.*, 590 S.W.2d 644, 646 (Tex.Civ.App. 1979), Western argues that a reasonable time "never means an indulgence in unnecessary delay." Western points to evidence that United New Mexico Bank was at all times prepared to finance the payment under the settlement offer, and that only because the heirs sought financing for additional purposes did considerable delay result. Although Western argues that the facts are undisputed, and that this Court

can evaluate as a matter of law the questions of "due diligence" and of "unreasonable" or "unacceptable" delay, we hold that as long as reasonable minds may differ it is a question of fact for the trial court to determine issues of "due diligence" and "unreasonable" or "unacceptable" delay. "What constitutes a reasonable time, under the evidence, is a question of fact." *Smith*, 95 N.M. at 7, 617 P.2d at 1328; *cf. Price*, 590 S.W.2d at 646 (reasonable time is a mixed question of law and fact and should be submitted to trier of fact). In the event conflicting but reasonable inferences may be drawn from the circumstances of uncontested facts, the finder of fact may accept either and this Court will not supplant that choice. *See Varney v. Taylor*, 77 N.M. 28, 419 P.2d 234 (1966).

■ While rejecting the argument of Western that we are faced with a question of law, we also reject the argument of the heirs that we apply the policy in favor of settlements and impose upon the party seeking to set aside the settlement a heavy burden of persuasion. *See Gonzales v. Atnip*, 102 N.M. 194, 195, 692 P.2d 1343, 1344 (Ct.App.1984), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1985). This is a simple contract issue, not one in which a settlement agreement is to be set aside on the basis of misrepresentation, fraud, undue influence, coercion or mutual mistake. *See Quintana v. Motel 6, Inc.*, 102 N.M. 229, 230, 693 P.2d 597, 598 (Ct.App.1984). The heirs, as movants, had the burden to show by a preponderance of the evidence the making of the contract, and timely satisfaction of the condition precedent. *See McCasland v. Prather*, 92 N.M. 192, 194, 585 P.2d 336, 338 (Ct.App.1978) ("Generally, a complaint on breach of contract must allege: (1) the existence of a valid and binding contract; (2) the plaintiffs compliance with the contract and his performance of the obligations under it; (3) a general averment of the performance of any condition precedent. . . .").

■ The court found that the financing process did take some time to complete, "but not an unreasonable amount of time under the circumstances and considering

the amount of the financing." There is no indication as to whether the financing under consideration included only the settlement payment or the other purposes as well. There having been no specific requests for findings of the court in this regard, we construe the reference to financing as "financing to enable them to consummate the settlement offer." The trial court found further that the correspondence circulated between the parties and the testimony of the witnesses proved that the heirs proceeded with due diligence and kept Western informed of the progress.

The evidence in support of the decision of the court includes the fact that the February 10 settlement offer was accepted by Western on or about February 19, that by March 1 the heirs had met with representatives of United New Mexico Bank, and had reached an agreement as to the financing, the finalization of which depended upon circulation of proposed drafts of the financing documents between the parties and their counsel. The paper work for financing the settlement payment was almost finalized by April 22, the date Western wrote its letter withdrawing acceptance of the offer. These facts constitute substantial evidence to support the finding of the court that the delay was not unreasonable. *See Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970).

We affirm the judgment of the trial court.

IT IS SO ORDERED.

SOSA, C.J., and SCARBOROUGH, J., concur.