886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg McLEMORE, Plaintiff-Appellant,
v.
CITY OF ADAMSVILLE, TENNESSEE; Harry Boosey, Mayor, City of
Adamsville; Martha Leitschuh; Steve Simon;
Herman Enlow, Defendants-Appellees.
 No. 89-5900.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals the order granting partial summary judgment for the defendants in this civil rights action concerning unlawful discharge from employment. The defendants now move to dismiss on the grounds that the order is not a final, appealable order pursuant to 28 U.S.C. Sec. 1291. The plaintiff opposes the motion.
 
 
 2
 The district court entered the order on June 30, 1989 granting summary judgment for the defendants on the issues of 1) whether the plaintiff has been deprived of liberty or property without due process of law; and 2) whether the defendants breached the plaintiff's employment contract. The court concluded its order by noting that two issues remained in the action: 1) whether the defendants violated the plaintiff's right of equal protection; and 2) whether the defendants violated the Tennessee open meetings law. The plaintiff filed its notice of appeal on July 14, 1989.
 
 
 3
 The defendants assert that the order appealed by the plaintiff is not a final judgment because several issues remaining pending before the district court. The defendants note that the district court did not certify the order pursuant to Fed.R.Civ.P. 54(b). The plaintiff responds that the order is, in fact, final because he has abandoned the remaining claims referred to by the district court.
 
 
 4
 This Court lacks jurisdiction in the appeal. An order of partial summary judgment is an interlocutory order which is not appealable absent a Rule 54(b) certification. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 692, 742 (1978). Accord Knafel v. Pepsi Cola Bottler of Akron, Inc., 850 F.2d 1155, 1158-59 (6th Cir.1988). A notice of appeal filed before such certification does not impart appellate jurisdiction. Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166 (5th Cir.1978). The notice of appeal filed by the plaintiff is premature.
 
 
 5
 We note that although the plaintiff states that he has abandoned the remaining claims in the district court, it is necessary that the district court enter an order granting a motion to voluntarily dismiss the claims before litigation is considered to be ended in that court. See Hicks v. NLO, Inc., 825 F.2d 118, 120 (6th Cir.1987).
 
 
 6
 Therefore, it is ORDERED that the motion to dismiss is granted without prejudice to the plaintiff appealing from the final judgment in the district court.