783 P.2d 959

**Baxter Edwin EVATT and Mary Claudine Evatt, his wife, Plaintiffs–Appellees,**

v.

**Duane E. STEELE and Chana Steele, his wife, Defendants–Appellants.**

No. 18331.

Supreme Court of New Mexico.

Dec. 20, 1989.

Viramontes & Stewart, Thomas F. Stewart, Silver City, for defendants-appellants.

John W. Reynolds, Silver City, for plaintiffs-appellees.

## OPINION

RANSOM, Justice.

Baxter and Mary Evatt sued for breach of a provision in the contract under which Duane and Chana Steele purchased from Evatts the B & E Hardware store. In question was a contractual provision involving payments to be made by Steeles to First National Bank in Albuquerque (bank)

for a leased computer used in the hardware store. The district court awarded Evatts compensatory damages for Steeles' refusal to complete the payments on the lease, and the Steeles appeal this award. We affirm.

Steeles, who had worked for Evatts for some years, decided to buy the store when Evatts talked of going out of business. Although Steeles initially were unwilling to assume the computer lease, Evatts insisted Steeles do so if they were to buy the store. Steeles eventually agreed, and the parties signed a real estate contract and an appended list of "fixtures," which included the provision that Steeles assume the computer lease.

Before they were sued by Evatts, Steeles never actually saw the lease in question and were unaware that the lease contained a provision precluding assignment without prior written approval by the bank. The lease also contained default provisions that allowed the bank to declare the lessee in default if, inter alia, the lessee ceased doing business or transferred possession of the computer equipment to another party.

After the real estate contract was closed, Steeles took possession of the store and "fixtures," including the computer. They began making monthly payments on the computer lease. Evatts contacted the bank and informed it that Steeles were to take over the lease. The bank, however, never responded and continued to send statements addressed to Evatts. The statements were rerouted when Steeles provided the bank with a new post office box number for B & E Hardware.

Seven months later, the computer broke and was in need of repairs. Steeles asked Evatts for a copy of the lease, but Evatts did not provide one. Steeles then contacted the bank requesting a copy of the lease agreement, but the bank refused because Steeles were not a party to the agreement. At this point, Steeles refused to make any more payments on the lease and, on advice of counsel, contacted Evatts to instruct them to come and pick up the computer. Evatts took possession of the computer and finished making the payments under the lease agreement. They then filed the present lawsuit against Steeles.

After a bench trial, the court awarded judgment in favor of Evatts. The court reasoned that, although the lease agreement called for the bank's prior written approval, under the circumstances the bank's silence could be construed as acquiescence in the assignment to Steeles. The court concluded that Steeles were liable for the payments made by Evatts on the computer subsequent to Steeles' refusal to make any more payments.

■ *Bank's consent not condition precedent to formation of lease assumption agreement.* On appeal, Steeles first argue that their agreement to assume the computer lease is not binding because, as the agreement was made subject to the consent of an additional party, it must be viewed as a conditional agreement. If the consent is not given, they argue, the agreement is not binding. The case relied upon by Steeles is *Wyrsch v. Milke,* 92 N.M. 217, 585 P.2d 1098 (Ct.App.1978).

*Wyrsch,* however, was reconsidered carefully in the recent case of *Western Commerce Bank v. Gillespie,* 108 N.M. 535, 775 P.2d 737 (1989). As in *Gillespie,* it is here argued that a condition precedent must be satisfied before a contract is formed. *Gillespie* took note of language in *Wyrsch* such as "fulfill the condition precedent which would have given rise to a binding contract." *Gillespie,* 108 N.M. at 537, 775 P.2d at 739 (quoting *Wyrsch,* 92 N.M. at 221, 585 P.2d at 1102). *Gillespie* held, however, that "[w]hether conditions precedent are considered prerequisites to formation of a contract or prerequisites to an obligation to perform under an existing agreement, is controlled by the intent of the parties." *Id.* Here, the evidence is without contradiction that the parties never contemplated that the formation of the lease assumption agreement was conditioned on the bank's consent.

■ *Bank's consent not a constructive condition to Steeles' obligation to make payments on the computer lease.* Although the existence of the lease assumption agreement was not conditioned

on the bank's consent, it remains to be determined whether the consent of the bank was a legal condition to Steeles' obligation under the lease assumption agreement to make payments. In this regard, the present case differs from *Wyrsch* in that there were no express provisions in the lease assumption agreement here which required Evatts to obtain the bank's consent. Steeles' argument that the bank's consent was a condition precedent may be interpreted as an argument that the bank's consent should be implied as a constructive condition to Steeles' obligation to perform, because, without the bank's consent, Evatts could not transfer their rights under the computer lease to Steeles. *See Montgomery v. Cook*, 76 N.M. 199, 413 P.2d 477 (1966) (in appropriate instances, condition precedent may be deduced from construction of entire contract in order to reach most equitable result); *see generally* 3A A. Corbin, *Corbin on Contracts* § 653 (1960). A contracting party may repudiate performance under the contract if a condition precedent to that performance cannot be satisfied. *Enerdyne Corp. v. Wm. Lyon Development Co.*, 488 F.2d 1237 (10th Cir. 1973).

This argument, however, fails to take into account that Evatts sued Steeles for breach of an isolated provision in a bilateral contract containing a number of promises. As previously noted, the assignment was a relatively small part of the agreement to buy the store. We cannot isolate Evatts' promise to transfer their rights under the lease as the sole consideration that supported Steeles' promise to assume payment of the lease, as we might had the assignment been a separate agreement. *See Acme Cigarette Servs. Inc. v. Gallegos*, 91 N.M. 577, 577 P.2d 885 (Ct.App. 1978) (in a bilateral agreement, promise of one party may support one or more promises to other party). Indeed, the circumstances surrounding the sale and assignment indicate that Steeles were willing to take over the lease because Evatts expressed a willingness only then to sell them the store.

■  Any failure by Evatts to perform under the assignment provision, therefore, was but a partial failure of the consideration supporting the contract as a whole. In cases of partial failure of the plaintiff to perform, a defendant generally may not raise as a defense that his promise constructively was conditioned on a reciprocal performance by the plaintiff when, given the subject matter of the contract, full and just compensation can be made by the payment of money damages. *See Wilson v. Wilson*, 157 Me. 119, 170 A.2d 679 (1961); *Walker & Co. v. Harrison*, 347 Mich. 630, 81 N.W.2d 352 (1957); *see generally* 3A A. Corbin, *Corbin on Contracts* § 659. Here, money damages adequately would have compensated Steeles for any interference in their interests that might have been caused if the bank refused to consent.

We hold, therefore, that Steeles' obligation to make payments on the lease was not conditioned on whether Evatts obtained the bank's consent. Given our resolution of this issue, we do not address two of Steeles' remaining arguments: that the court erred in inferring from the bank's failure to object to the assignment its acquiescence in the assignment; and, therefore, that there was no substantial evidence of the bank's consent.[1]

■  *Assignment did not operate to breach prior contract with bank.* Finally, citing *Thermice Corp. v. Vistron Corp.*, 528 F.Supp. 1275 (E.D.Penn.1981), *aff'd*, 688 F.2d 825 (3d Cir.1982), Steeles argue the attempt to assign the lease was illegal and unenforceable because the parties entered into the assignment contemplating the breach of a contract with a third party, the bank. We disagree with Steeles' characterization of the provisions of the contract in this case. The agreement to take over the lease does not contemplate that

---

1. We note, however, that the bank made no effort to declare a default on the lease, either while Steeles were in possession of the computer or after Evatts had resumed possession. The only evidence that the bank ever interfered with Steeles' putative rights under the lease is that the bank refused to send them a copy of the lease agreement. However, there is no evidence that Steeles were damaged by this refusal, nor did they seek to recover such damages.

the lease itself be breached; rather, it contemplates the transfer of Evatts' rights under the lease. Evatts' attempts to obtain the bank's written consent as required by the lease were consistent with the lease provisions. Had Steeles been damaged by Evatts' failure to perform, Steeles would have possessed an adequate remedy at law short of a declaration that the contract provision was void for illegality.

Because of the foregoing considerations, the judgment of the district court is affirmed in its entirety.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.