961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald J. SHARP, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES and G.B.
Heath, Defendants,
and
Equifax Services Inc. and Jack L. Munas, Defendants-Appellees.
 No. 91-3513.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1980, plaintiff, Ronald J. Sharp, filed this invasion of privacy action against the United States Department of Health and Human Services, Secretary of the United States Department of Health and Human Services, John Doe, Kentucky Central Life Insurance Co. ("Employer"), Bob Clark, Equifax Services Inc. ("Equifax"), and Jack L. Munas. The issue is whether the district court erroneously granted defendants, Equifax and Munas (jointly "defendants"), summary judgment against plaintiff. For the following reasons, we AFFIRM the district court.
 
 I. FACTS
 
 2
 While plaintiff, as Employer's former employee, was receiving disability benefits, Employer hired Equifax to investigate plaintiff's disability and social security status. Employer gave Equifax a release of records authorization purportedly signed by plaintiff, but plaintiff denies signing it. Equifax's employee, Munas, obtained the Social Security Administration's basis for denying plaintiff's social security claim from George B. Heath, an employee at the Ohio Bureau of Disability Determination, and reported it to Employer. Based on this information, Employer terminated plaintiff's disability benefits and health insurance.
 
 II. PROCEDURE
 
 3
 At an April 14, 1983, status conference, the district court recommended that the Assistant United States Attorney file a motion to dismiss certain complaint counts against the "federal defendants" and prohibited discovery between plaintiff and the "federal defendants" pending its ruling on the motion ("Discovery Order"). On June 13, 1983, the Assistant United States Attorney moved the district court to dismiss the second and third complaint counts against the named and unnamed "federal defendants." On August 2, 1983, by agreement, Employer and Clark were dismissed from this action. On August 9, 1984, plaintiff filed an amended complaint, naming Heath in John Doe's place. On October 3, 1984, the Ohio Attorney General moved the district court to dismiss the claims against Heath, individually, under Fed.R.Civ.P. 12(b). Defendants moved the district court for summary judgment on January 26, 1988, and to dismiss the complaint under Fed.R.Civ.P. 41(b) or, in the alternative, for summary judgment on February 25, 1991 ("Motions"). Plaintiff did not respond to the Motions.
 
 
 4
 On April 25, 1991, the district court granted summary judgment for defendants and dismissed the claims against them ("Judgment"). On May 6, 1991, the district court dismissed the claims against Heath and complaint counts two and three against the "federal defendants." Plaintiff did not appeal this decision. However, plaintiff timely appealed the Judgment. The parties settled the only remaining claim, plaintiff's Privacy Act claim against the "federal defendants," on June 19, 1991. Accordingly, as the Judgment became final on June 19, 1991, we have jurisdiction over this appeal. See 28 U.S.C. § 1291; cf. Hicks v. NLO, Inc., 825 F.2d 118, 120 (6th Cir.1987) (dismissal of the only unadjudicated count "imparted finality" to an earlier summary judgment order).
 
 III. ANALYSIS
 
 5
 As plaintiff did not depose Heath due to the Discovery Order, he argues that the district court improperly entered the Judgment. Defendants respond that the district court properly entered the Judgment, as, inter alia, plaintiff failed to respond to the Motions and prosecute his claims against them.
 
 
 6
 First, in opposition to a summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit ... discovery to be had...." Id. at 56(f). An adverse party's failure to file affidavits entitles the court to grant summary judgment, even if discovery has not been completed. See, e.g., Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 294 (6th Cir.1984). Thus, if deposing the "federal defendants" would have enabled plaintiff to oppose the Motions, then he should have filed affidavits, so stating, in response to the Motions. On this basis, we affirm the Judgment.
 
 
 7
 Second, defendants moved the district court to dismiss plaintiff's claims against them under Fed.R.Civ.P. 41(b). While the district court did not expressly dismiss the claims against defendants under Fed.R.Civ.P. 41(b), plaintiff's inaction justified dismissal of the claims under Fed.R.Civ.P. 41(b).
 
 
 8
 Prior to the April 25, 1991, Judgment date, plaintiff's last pleading in this action was filed in 1985.[1] Thereafter, plaintiff failed to respond to the Motions. Other courts have held that much shorter periods of inaction justify dismissal. See, e.g., Curcurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324 F.2d 234, 235 (2d Cir.1963) (one year of inactivity justified dismissal). Thus, in the alternative, we affirm the Judgment on this basis. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990) (A decision must be affirmed if correct for any reason.).
 
 
 9
 As the district court did not erroneously enter the Judgment, we will not consider defendants remaining arguments: (1) plaintiff failed to state an invasion of privacy claim under Ohio law; and (2) assuming arguendo that plaintiff stated a claim, defendants were protected by a qualified privilege. See In re Post-Newsweek Stations, Mich., Inc., 722 F.2d 325, 328 (6th Cir.1983) (advisory opinions prohibited).
 
 
 10
 For these reasons, we AFFIRM the district court.
 
 
 
 [1]
 Plaintiff filed a Memorandum in opposition to Heath's motion to dismiss on February 4, 1985