**Stephen F. SELCKE, Director of Insurance of the State of Illinois, as Rehabilitator of Centaur Insurance Company, Plaintiff–Appellee,**

v.

**NEW ENGLAND INSURANCE COMPANY, formerly known as New England Reinsurance Corporation, Defendant–Appellant.**

No. 92–3768.

United States Court of Appeals, Seventh Circuit.

Submitted July 1, 1993.

Decided Aug. 27, 1993.

---

David C. Roston, John W. Morrison (argued), William K. Myatt, Emily Solberg, Al-theimer & Gray, Chicago, IL, for plaintiff-appellee.

James I. Rubin, Robert N. Hermes, Samuel W. Ach (argued), Butler, Rubin, Newcomer, Saltarelli, Boyd & Krasnow, Chicago, IL, for defendant-appellant.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.*

POSNER, Circuit Judge.

The appellee (the receiver for the insolvent Centaur Insurance Company), having lost on the appeal, petitions us to vacate our judgment and withdraw our opinion (reported at 995 F.2d 688), on the ground that the case had, unbeknownst to us, become moot before our decision was issued. The petition (which manages to misspell the petitioner's name in the caption—not a good sign) raises a novel jurisdictional issue. The appellee had sued the New England Insurance Company for breach of contract, and the New England Insurance Company had moved for a stay pending arbitration. The district judge denied the stay, and we reversed with directions to grant it. That was on June 3 of this year. The parties had not troubled to inform us that on or about May 13 they had agreed to a settlement of the case contingent (1) on the approval by the state court overseeing the rehabilitation of Centaur and (2) on the making of a large cash payment (millions of dollars) by Centaur to the New England Insurance Company. (The petition neglects to mention the second condition.) The state court approved the settlement on June 3, the same day that our decision was rendered, and the cash payment was made the following day.

 When the settlement of a case becomes reasonably certain, the usual and sensible practice is for the parties to advise the court of this fact so that the court can decide whether to suspend its consideration of the case in the expectation that the case will soon be moot. Until the settlement becomes final, however, the case is not moot, since the

---

*Judge Cudahy, a member of the original panel, recused himself and was replaced by Chief Judge Bauer.

settlement may never become final. *In re Memorial Hospital*, 862 F.2d 1299, 1301 (7th Cir.1988); *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280, 282 (2d Cir.1985). If the settlement here had merely obligated a party to make a future payment, the obligation would not have been a condition precedent of the settlement and its breach would therefore not have prevented the settlement from becoming effective. *Western Commerce Bank v. Gillespie*, 108 N.M. 535, 775 P.2d 737 (1989). In fact the settlement by its terms did not become final until payment was made. Payment was, no doubt, highly likely, but it was not certain until made, and a case does not become moot merely because it is highly likely to become moot shortly. Cf. *In re Andreuccetti*, 975 F.2d 413, 418–19 (7th Cir.1992).

■ It is worth noting, however, that if it were material whether our decision was issued before or after the settlement was approved, on June 3, the appellant (New England Insurance Company) would lose. If either party raises a serious doubt about jurisdiction, the burden of proof is on the party asserting federal jurisdiction. That is the rule when jurisdiction is challenged in the district court, *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987), and the only two cases we have found that address the issue make it the rule in the appellate court as well, *Fletcher v. Gagosian*, 604 F.2d 637, 639 (9th Cir.1979); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 817 (9th Cir.1961), though an exception is necessary for the case in which the defendant in a suit for injunctive relief argues that it has become moot because he has stopped the unlawful activity. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 72, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983) (per curiam). Since there is no evidence concerning the time of day at which either our decision or the state court's approval was issued, we would conclude that we had lost jurisdiction, had payment not been an additional contingency besides ap-

proval. But it was, so we did not lose jurisdiction, and the petition is therefore

DENIED.