19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cornelius OGUNSALU, Plaintiff-Appellant,
v.
The KROGER COMPANY; Dick Tillman; J. Vance Carter; Peter
Hager; Mike Humbles; Lee Duff, Defendants-Appellees.
 No. 93-6355.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Cornelius Ogunsalu, appearing pro se, appeals a district court judgment granting his request for voluntary dismissal of his civil rights action filed pursuant to the Civil Rights Act of 1991, Title VI, Title VII, 42 U.S.C. Secs. 1981, 1982, 1983, 1985, 1986 and 1988, as well as Article I, Sec. 19 of the Tennessee Constitution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Ogunsalu sued the Kroger Company and several of its employees, alleging that the defendants terminated his employment because of his race. Ogunsalu is black. Thereafter, the district court partially granted the defendants' motion to dismiss. Next, the district court partially granted the defendants' motion to dismiss Ogunsalu's amended complaint. Following the denial of several of the plaintiff's pleadings, Ogunsalu filed a document entitled "Plaintiff's Response To Court's Order Denying Motion To Extend Discovery Deadline," which the district court judge construed as a motion to recuse himself, or in the alternative to dismiss the action. It then denied Ogunsalu's motion to recuse, and granted the alternative request to dismiss the action.
 
 
 4
 On appeal, Ogunsalu argues that the district court: 1) incorrectly construed his "response" as a motion to recuse or in the alternative to dismiss the action; 2) erroneously denied him an extension of the discovery deadline; 3) improperly imposed sanctions on him for failing to complete discovery within the deadline; 4) erroneously concluded that the Civil Rights Act of 1991 does not apply retroactively to his case; 5) erred in holding him liable for the errors of the Equal Employment Opportunity Commission; and 6) improperly held his pleadings to the same stringent standard applied to pleadings drafted by attorneys.
 
 
 5
 Upon review, we affirm the district court's judgment. Ogunsalu's first argument on appeal is without merit. Normally, a plaintiff cannot appeal from a trial court's grant of his request for voluntary dismissal of his action because the judgment is not an involuntary adverse judgment against the plaintiff. See Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut., 982 F.2d 1031, 1034 (6th Cir.), cert. denied, 114 S.Ct. 72 (1993); Laczay v. Ross Adhesives, a Div. of Conros Corp., 855 F.2d 351, 351 (6th Cir.1988), cert. denied, 489 U.S. 1014 (1989); Hicks v. NLO, Inc., 825 F.2d 118, 119 (6th Cir.1987) (per curiam). However, we recognize Ogunsalu's appeal in order to verify that he did seek recusal or dismissal and to review the district court's ruling thereon to the extent it denied the recusal request. We conclude that Ogunsalu did seek recusal or, in the alternative, the voluntary dismissal of his suit. We also conclude that the district court did not abuse its discretion when it denied Ogunsalu's request for recusal, see Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989), as Ogunsalu did not establish that the district court's actions warranted recusal. See United States v. Sammons, 918 F.2d 592, 598 (6th Cir.1990); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989).
 
 
 6
 We also affirm the district court's earlier order granting partial summary judgment to the defendants. The district court did not abuse its discretion when it denied Ogunsalu an extension of time to complete discovery as he did not establish good cause for the requested extension. See Fed.R.Civ.P. 6(b); Vogelsang v. Patterson Dental Co., 904 F.2d 427, 431 (8th Cir.1990). Ogunsalu's fourth argument on appeal is unpersuasive as the Civil Rights Act of 1991 is not to be applied retroactively. See Holt v. Michigan Dep't of Corrections, Mich St. Indus., 974 F.2d 771, 773-74 (6th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3446 (Nov. 10, 1992); Harvis v. Roadway Express, Inc., 973 F.2d 490, 497 (6th Cir.1992), cert. granted in part, 113 S.Ct. 1250 (1993). Ogunsalu's claims, predicated upon EEOC charge numbers bba-kk-enknand qxz-mq-xcjs were properly dismissed as he did not file suit within 90 days after the issuance of his right to sue letter. See 42 U.S.C. Sec. 20003-5(f)(1); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984) (per curiam). Finally, there is nothing in the record which indicates that Ogunsalu's pleadings were held to the same standard applied to pleadings drafted by attorneys.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation