DIVISION 241, AMALGAMATED
TRANSIT UNION (AFL–CIO),
Plaintiff,

v.

Lawrence SUSCY et al., Defendants.

No. 75 C 2709.

United States District Court,
N. D. Illinois, E. D.

Dec. 30, 1975.

Carmell & Charone, Chicago, Ill., for plaintiff.

Norman J. Barry, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on motion of defendants to dismiss the complaint. It is an action seeking injunctive and other relief against enforcement of certain rules of the Chicago Transit Board of the Chicago Transit Authority ("CTA") which provide that under certain circumstances any CTA employee may be required to submit to blood and urinalysis tests. The rules further provide that any employee refusing to submit to such tests may be subject to discipline, including discharge.

Jurisdiction is based on the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

Plaintiff is a voluntary unincorporated labor organization domiciled in Chicago which serves as the exclusive bargaining representative for approximately 8,500 employees of the CTA. Defendants are members of the Chicago Transit Board of the CTA. Defendant Blaa is the CTA's Manager of Transportation and defendants John Doe and Richard Roe are designations for supervisory employees of the CTA, with varying degrees of disciplinary and other authority over operating employees.

The CTA is a municipal corporation established by the Illinois General Assembly pursuant to the Metropolitan Transit Authority Act, Ch. 111⅔ § 301 et seq., Ill.Rev.Stat.1973 ("Transit Act"). The CTA is authorized by the Transit Act to promulgate rules and regulations "necessary and convenient" to accomplish the operation of public mass transportation system in Metropolitan Cook County. To that end, the CTA has enacted, maintains and enforces certain rules regarding the use of drugs and alcohol by its employees.

Rule 10, CTA General Rule Book provides:

Employees are subject to physical examinations and other medical tests, as deemed necessary, to assure fitness to perform their assigned duties.

Rule 14(A) of the CTA General Rule Book provides in pertinent part:

The following acts are not permissible:
(a) Use or possession of intoxicating liquor or narcotics of any kind while

on duty, or reporting for duty under the influence of same. Use of illegal drugs is forbidden whether on or off duty.

On January 25, 1975 the CTA issued General Bulletin G2–75 which provided as follows:

Operating employees directly involved in any serious accident such as a collision of trains, collision of buses, derailment, bus and person (sic) or serious collision with vehicle or fixed object, may be required to be hospitalized for medical attention, a physical examination and/or a blood and urinalysis test. Employees suspected of being under the influence while on duty in violation of Rule # 19 (now Rule # 14) may be required to take a blood and urinalysis test.

Employees who are requested to take a blood and urinalysis test in accordance with Rule # 15 (now Rule # 10) and refuse will be subject to discipline under Rule # 19 (now Rule # 14) in the book of rules.

The complaint alleges that these rules are violative, both on their face and as applied, of the due process protections of the Fifth and Fourteenth Amendments, of the Fourth Amendment protection against unreasonable search and of rights provided by the Illinois legislature and the Illinois Constitution.

Defendants argue in their motion to dismiss that there is only one issue before the Court: whether the complaint states a claim under the Fourth Amendment, i. e., whether operating employees of a public mass transit system can, in the absence of probable cause, be compelled to submit to a physical examination, including blood and urinalysis testing.

Plaintiff argues that this complaint is not subject to dismissal under the rule of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which provides that:

In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (355 U.S. at 45, 46, 78 S.Ct. at 102)

The complaint alleges that the rules are not written or enforced in a manner reasonably calculated to effectuate any legitimate CTA interest in preventing accidents or identifying drivers who are under the influence of drugs or alcohol. The rules authorize compulsory tests on the basis of a supervisor's "suspicion" that any employee is intoxicated or upon the occurrence of any "serious" accident without regard to whether there is reason to believe that the accident was the result of the employee's use of drugs or alcohol. It is further alleged that the rules provide that a supervisor "may" require such tests, thus leaving a search to the uncontrolled discretion of the supervisor.

Defendants argue, and the Court agrees, that the State has a substantial interest in the detection and elimination of operating employees who are under the influence of alcohol or drugs while on duty. It is beyond dispute that the CTA must enact and enforce regulations designed to protect the thousands of persons who daily entrust their lives and safety to the care of CTA operating employees. It is likewise beyond dispute that alcohol and drugs are serious problems throughout our society. Those problems assume major proportions in context of employment of persons responsible for the safety of the public.

This Court is of the opinion that regulations properly designed to insure that CTA drivers are not under the influence of drugs or alcohol are both desirable and necessary. Further, the Court agrees that compulsory blood and urinalysis tests or other tests of that nature may be necessary to detect those CTA employees who would endanger the commuting public.

There is also support in the case-law that public employees may be discharged for refusal to properly account for the

performance of their official duties. *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); *Confederation of Police v. Conlisk,* 489 F.2d 891 (7th Cir. 1973).

This Court holds that the CTA rules, as written, are not unconstitutional. The Court does not find the rules to be unreasonable, and the provision for exercise of supervisory discretion does not render them constitutionally infirm.

Accordingly, defendants' motion to dismiss is granted with respect to that portion of the complaint challenging the constitutionality of the CTA rules as written.

However, this Court cannot say with certainty at this time that plaintiff can prove no set of facts in support of its allegations that the CTA rules have been applied in a manner which violates the constitutional rights of plaintiff's CTA employee members.

Defendants' motion to dismiss is denied with respect to that portion of the complaint which alleges that the CTA rules have been applied by defendants in a manner which violates the constitutional rights of plaintiff's CTA employee members.