**DIVISION 241 AMALGAMATED TRANSIT UNION (AFL–CIO), Plaintiff-Appellant,**

v.

**Lawrence SUSCY et al., Defendants-Appellees.**

**No. 76–1166.**

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1976.

Decided July 22, 1976.

---

Sherman M. Carmell, Chicago, Ill., for plaintiff-appellant.

Norman J. Barry, Joseph P. Della Maria, Jr., and Ronald T. Bartkowicz, Chicago, Ill., for defendants-appellees.

Before CLARK, Associate Justice (Retired),* FAIRCHILD, Chief Judge, and CUMMINGS, Circuit Judge.

PER CURIAM.

Plaintiff is a union that represents 5,500 bus operators and others employed by the Chicago Transit Authority (CTA). It has filed a four-count complaint under the Civil Rights Act (42 U.S.C. § 1983) against eight

---

* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, is sitting by designation.

CTA officials, attacking the constitutionality of Rules 10 and 14 of the General Rule Book and of General Bulletin G2–75 of the CTA insofar as they require CTA bus operators to submit to blood and urine tests when they are involved in "any serious accident," or suspected of being intoxicated or under the influence of narcotics.

In its memorandum opinion, the district court upheld the constitutionality of these rules as "both desirable and necessary" and "not * * * unreasonable." 405 F.Supp. 750, 751–752 (N.D.Ill.1975). Therefore, the court granted defendant's motion to dismiss with respect to Count I of the complaint challenging the constitutionality of the CTA rules as written.[1]

■ Defendants first argue that the court's order granting their motion to dismiss is not a final order. We disagree because the Union has appealed from the district court's dismissal of Count I, the only remaining count in the case. See note 1 *supra*. Therefore, the only question before us if the facial validity of the CTA rules.

Rule 10 of the CTA General Rule Book provides:

"Employees are subject to physical examinations and other medical tests, as deemed necessary, to assume fitness to perform their assigned duties."

Rule 14(a) provides in pertinent part:

"The following acts are not permissible: (a) Use or possession of intoxicating liquor or narcotics of any kind while on duty, or reporting for duty under the influence of same. Use of illegal drugs is forbidden whether on or off duty."

CTA General Bulletin G2–75 provides:

"Operating employees directly involved in any serious accident such as a collision of trains, collision of buses, derailment, bus and person or serious collision with vehicle or fixed object, may be required to be hospitalized for medical attention, a physical examination and/or a blood and urinalysis test.

"Employees suspected of being under the influence while on duty in violation of rule # 19 [now 14(a)] may be required to take a blood and urinalysis test.

"Employees who are requested to take a blood and urinalysis test in accordance with rule # 15 [now 10] and refuse will be subject to discipline under rule # 19 [now 14] in the book of rules."

Under Rule 14, the employee can be discharged for violations of Rule 10.

■ The Union argues that the rules are facially invalid under the Fourth and Fourteenth Amendments. The test of constitutionality for invasions of a public employee's protected rights are derived from the nature of the rights involved. Where the employee argues he is being deprived of a right specifically protected by the Constitution, the standard generally applicable to deprivations of that right applies. For instance, limitations on the First Amendment rights of a public employee must be justified by a compelling state interest. *Elrod v. Burns*, —— U.S. ——, ——, 96 S.Ct. 2673, 48 L.Ed.2d ——; *Illinois State Employees Union v. Lewis*, 473 F.2d 561, 572–573 (7th Cir. 1972). However, where the employee asserts that his right is protected by the general ambit of the Fourteenth Amendment, the state need show only that the rule is reasonable. *Kelly v. Johnson*, —— U.S. ——, ——, 96 S.Ct. 1446, 1444, 47 L.Ed.2d 708. Therefore, if there is no invasion of Fourth Amendment rights, it follows that there is also no violation of the Fourteenth Amendment.[2]

1. The motion to dismiss was simultaneously denied with respect to the Union's allegations in Counts II–IV that the CTA rules have been applied in a manner violating the constitutional rights of the Union's members, because the court could not "say with certainty at this time that plaintiff can prove no set of facts" in support of such allegations. Subsequently, the district court granted the plaintiff's motion to dismiss without prejudice Counts II–IV "as they relate to application of the CTA regulations complained of herein."

2. Any due process claims fail under *Kelly v. Johnson, supra; Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 and *Breithaupt v. Abram*, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448.

The Fourth Amendment protects an individual's reasonable expectation of privacy from unreasonable intrusions by the state. Whether the individual has a reasonable expectation of privacy and whether the intrusion is reasonable are determined by balancing the claims of the public against the interests of the individual. *United States v. Martinez-Fuerte,* —— U.S. ——, ——, 96 S.Ct. 3074, ——, 48 L.Ed.2d ——; *Camara v. Municipal Court,* 387 U.S. 523, 534–535, 87 S.Ct. 1727, 18 L.Ed.2d 930. It is clear that a governmental agency can place reasonable conditions on public employment. *Kelly v. Johnson, supra,* —— U.S. at ——, 96 S.Ct. at 1444; *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811. In this case, the CTA has a paramount interest in protecting the public by insuring that bus and train operators are fit to perform their jobs. In view of this interest, members of plaintiff Union can have no reasonable expectation of privacy with regard to submitting to blood and urine tests. *United States v. Cogwell,* 486 F.2d 823, 835 (7th Cir. 1973), certiorari denied, 416 U.S. 959, 94 S.Ct. 1975, 40 L.Ed.2d 310. Further, the conditions under which the intrusion is made and the manner of taking the samples are reasonable. *Cupp v. Murphy,* 412 U.S. 291, 295, 93 S.Ct. 2000, 36 L.Ed.2d 900; *Wyman v. James,* 400 U.S. 309, 318, 91 S.Ct. 381, 27 L.Ed.2d 408; *Schmerber v. California, supra,* 384 U.S. at 771, 86 S.Ct. 1826.

As evidenced by the General Bulletin, blood and urinalysis tests are given in hospitals only to operating employees directly involved "in any serious accident" or "suspected of being under the influence" of intoxicating liquor or narcotics. As the record shows, no medical testing of this type is required unless two supervisory employees concur. Under these conditions and because "a valid public interest justifies the intrusion contemplated," probable cause exists.[3] *Camara v. Municipal Court, supra,* 387 U.S. at 539, 87 S.Ct. 1727. Because of the nature of the tests required, no warrant is necessary. *Schmerber v. California, supra,* 384 U.S. at 770–771, 86 S.Ct. 1826. Finally, performing the tests in a hospital is a reasonable procedure. *Ibid.* at 771, 86 S.Ct. 1826.

Certainly the public interest in the safety of mass transit riders outweighs any individual interest in refusing to disclose physical evidence of intoxication or drug abuse. As we view them, the CTA rules and General Bulletin facially comply with the Fourth Amendment standards, so that employees who fail to comply with these rules and the General Bulletin may be discharged. *Sanitation Men v. Sanitation Commissioner,* 392 U.S. 280, 285, 88 S.Ct. 1920, 20 L.Ed.2d 1082. We of course express no opinion as to the application of those provisions, because that question is not before us.

Order affirmed.

---

**3.** The distinction between bus drivers and other drivers justifies a stricter standard for the former. Therefore, the Illinois breathalyzer laws (Ill.Rev.Stat. (1975), ch. 95½, §§ 11–501–11–501.1) are of no concern in resolving the Union's Fourth Amendment claim. Similarly, *Holland v. Parker,* 354 F.Supp. 196 (D.S.D. 1973), deals with drivers in general and is inapt. In view of the more substantial interest a state has in the competence of its bus drivers, the requirement of a lawful arrest prior to submitting to the blood test is inapplicable here.