RICHARD L. HAMILTON, Corporation Counsel Outagamie County
You have requested my opinion as to the legality of the Outagamie County Sheriff's Department conducting blood or breathalyzer tests of employe officers when they report for duty or when they are on duty. You note the potential hazard which may be created if an officer attempts to work while under the influence of intoxicants or drugs. You also express concern about potential county liability.
You have enclosed paragraph "K" of the Outagamie County Sheriff's Manual which, among other things, specifically forbids *Page 105 
employes reporting for or being on duty while under the influence of alcohol or controlled substances, or with the odor of alcohol or controlled substances on their breath. This work rule, however, does not specifically provide for blood or breathalyzer testing of employes.
A sheriff's officer is a member of a highly sensitive agency entrusted with the duty of protecting the community through law enforcement. This includes the enforcement of laws prohibiting the operation of motor vehicles while under the influence of alcohol or other drugs. In the enforcement of such laws, the use of blood and breathalyzer tests has been held not to violate the constitutional provision that one may not be required to testify against himself. State v. Bunders, 68 Wis.2d 129, 132,227 N.W.2d 727 (1975), and Schmerber v. California, 384 U.S. 757
(1966). Blood and breathalyzer tests have general acceptance in the scientific and medical communities. State v. Trailer Service,Inc., 61 Wis.2d 400, 408, 212 N.W.2d 683 (1973).
In Div. 241 Amalgamated Transit U. (AFL-CIO) v. Suscy, 538 F.2d 1264
(7th Cir. 1976), cert. denied, 429 U.S. 1029 (1976), the court sustained the constitutionality of a rule which required that public employe bus and train operators submit to blood and urine tests if they were suspected of reporting for duty or being on duty while under the influence of alcohol or drugs. The rule further provided that the tests were to be administered only in hospitals and that no tests could be required unless two supervisory employes concurred in the need for the tests. In explaining its conclusion, the court stated:
 The Fourth Amendment protects an individual's reasonable expectation of privacy from unreasonable intrusions by the state. Whether the individual has a reasonable expectation of privacy and whether the intrusion is reasonable are determined by balancing the claims of the public against the interests of the individual. . . . It is clear that a governmental agency can place reasonable conditions on public employment. . . . In this case, the CTA has a paramount interest in protecting the public by insuring that bus and train operators are fit to perform their jobs. In view of this interest, members of plaintiff Union can have no reasonable expectation of privacy with regard to submitting to blood and urine tests. . . . Further, the conditions under which the intrusion is made and the manner of taking the samples are reasonable . . . . *Page 106 
. . . .
 Certainly the public interest in the safety of mass transit riders outweighs any individual interest in refusing to disclose physical evidence of intoxication or drug abuse.
Suscy, 538 F.2d at 1267 (citations omitted).
In view of the Suscy decision, and assuming that blood and breathalyzer tests would be used solely to determine the ability of an officer to perform his or her duties, it is my opinion that the sheriff's department may administer such tests if an officer is on duty or reports for duty and it reasonably appears that the officer is under the influence of intoxicants or drugs. The tests, however, and any action taken as a result of the tests, must be administered in a reasonable manner which assures due process to the officer being tested, which is nondiscriminatory and which is consistent with applicable work rules and labor contracts.
BCL:JWC