RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KIMISSA ROWLAND,

                    *Plaintiff-Appellant*,

    *v.*

SOUTHERN HEALTH PARTNERS, INC.; JANE BARTRAM,
APRN, STACY JENSEN, APRN, and SABINA TRIVETTE,
LPN, Individually,

                    *Defendants-Appellees*.

> No. 20-5944

─────────────────

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 3:18-cv-00033—Gregory F. Van Tatenhove, District Judge.

Argued:  March 12, 2021

Decided and Filed:  July 21, 2021

Before:  MOORE, ROGERS, and READLER, Circuit Judges.

─────────────────

**COUNSEL**

**ARGUED:**  Gregory A. Belzley, BELZLEY, BATHURST & BENTLEY, Prospect, Kentucky, for Appellant.  Margaret Jane Brannon, JACKSON KELLY PLLC, Lexington, Kentucky, for Appellees. **ON BRIEF:**  Gregory A. Belzley, BELZLEY, BATHURST & BENTLEY, Prospect, Kentucky, for Appellant.  Margaret Jane Brannon, Robert F. Duncan, JACKSON KELLY PLLC, Lexington, Kentucky, for Appellees.

     ROGERS, J., delivered the opinion of the court in which READLER, J., joined. MOORE, J. (pp. 11–20), delivered a separate dissenting opinion.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.  Civil Rule 54(b) permits a district court to enter final judgment "as to one or more, but fewer than all, claims or parties" when it determines, using a multi-factor analysis, that "there is no just reason for delay."  Can a litigant circumvent the requirements of Rule 54(b) by the expedient of voluntarily dismissing her surviving claims in order to seek immediate appellate review of an adverse judgment on her resolved claims, with the intention of reinstating the dismissed claims should she obtain a favorable outcome on appeal?  Eight years ago, we answered this question no, because such a dismissal does not create a final order under 28 U.S.C. § 1291.  *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 658 (6th Cir. 2013).  The answer is still no.

Kimissa Rowland appeals from two district court orders disposing of her state and federal claims arising from injuries she sustained while incarcerated.  In the first order, the district court entered partial summary judgment in favor of the defendants on Rowland's 42 U.S.C. § 1983 and punitive damages claims.  Afterwards, by agreement of the parties, the court entered an order dismissing Rowland's remaining state-law negligence claims without prejudice, so that Rowland could pursue this appeal on her federal claims.  Rowland requests on appeal that if we decide to reverse on any of the resolved claims, then we should also reinstate her dismissed state-law claims.  But this attempt to manufacture finality by voluntarily dismissing certain claims without prejudice in order to pursue what would otherwise be an interlocutory appeal is an impermissible circumvention of Federal Rule of Civil Procedure 54(b).  In the absence of an effective final judgment, we lack appellate jurisdiction to hear this appeal.

Rowland brought suit in federal district court alleging claims for deliberate indifference for failure to provide adequate medical care under § 1983, and negligence under Kentucky law, and she sought punitive damages in her request for relief.  The defendants, Southern Health Partners, Inc. (the healthcare provider for Franklin County Jail) and its three employee nurses who worked at the jail, filed a motion for summary judgment on all claims.  The district court granted partial summary judgment in favor of the defendants on all claims except for the

negligence claims against two of the nurses in their individual capacities. *Rowland v. S. Health Partners, Inc.*, No. 3:18-cv-00033-GFVT-EBA, 2020 WL 4288401, at *8 (E.D. Ky. July 27, 2020). As to these claims, the court ruled that summary judgment was inappropriate because a reasonable jury could find that negligence on the part of the two nurses caused Rowland's injuries. *Id.* at *7. Shortly thereafter, in a teleconference with the court, both parties agreed to dismiss the remaining state-law claims, and the district court entered an order dismissing those claims without prejudice. The order stated:

> [d]uring the teleconference, the parties agreed that their preferred method of moving forward is to dismiss the remaining claims so that Plaintiff Kimissa Rowland may appeal the Court's Order granting summary judgment in favor of the defendants as to the constitutional claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby ORDERED that all remaining claims are DISMISSED WITHOUT PREJUDICE. The matter is STRICKEN from the Court's active docket.

Rowland appealed from both the partial summary judgment order and the order dismissing her remaining claims without prejudice, even though she requested the latter order.

On appeal, Rowland does not challenge the dismissal of her state-law claims. Instead, she argues that the "state claims that were dismissed by the District Court without prejudice should be restored and remanded for resolution with her federal claims, given that they are all based on the same underlying facts and to promote judicial economy and the interests of justice." (Rowland asserts on appeal that the dismissal was an exercise of the district court's discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over her state-law negligence claims. But this rationale is absent from the district court's order.). Rowland contends that she appealed the order dismissing her claims without prejudice "in order to support their reinstatement should the District Court's decision on her § 1983 claims be reversed, and to toll the deadline for refiling such claims in state court should its decision be affirmed." At oral argument, we questioned the parties as to the nature of the dismissal and whether it had any effect on our appellate jurisdiction. Rowland's counsel maintained that we have appellate jurisdiction despite the lack of a Rule 54(b) certification by the district court, because the dismissal was made for the purpose of promoting judicial economy in case we reversed the

summary judgment on some or all of her federal claims.   The parties have also filed supplemental briefs, at our request, on the question of our appellate jurisdiction.

We lack jurisdiction over this appeal because the voluntary dismissal of Rowland's remaining state-law claims did not create an appealable final order under 28 U.S.C. § 1291. Rowland's decision to voluntarily dismiss her—presumably strongest—claims without prejudice for the purpose of obtaining an immediate appeal, and with the intention of reinstating the dismissed claims if the appeal was successful, is an impermissible circumvention of the finality requirement and the procedures set forth in Rule 54(b).  Fed. R. Civ. P. 54(b).  This conclusion is compelled by our own precedent and is consistent with the decisions of nearly every other circuit court to address this issue.  *See Page Plus*, 733 F.3d at 662; *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776 (7th Cir. 1999) (surveying circuit court cases).

We have appellate jurisdiction over "final decisions of the district courts."  28 U.S.C. § 1291.  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233 (1945).  With narrow exceptions not pertinent here, "the finality requirement establishes a one-case, one-appeal rule."  *Page Plus*, 733 F.3d at 659 (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)).  This rule "guards against piecemeal appeals that permit litigants to second-guess the district court at each turn, harming the district court's ability to control the litigation in front of it and consuming finite appellate court resources along the way."  *Id.* (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106–07 (2009)).

*Page Plus* is directly on point.  733 F.3d at 659.  In that case, we considered whether we had appellate jurisdiction over an appeal where the parties submitted a stipulation of dismissal under Rule 41(a)(2) to the district court seeking to dismiss the only claim remaining in the litigation after summary judgment was granted on all other claims.  *Id.* at 659; Fed. R. Civ. P. 41(a)(2).  The parties jointly sought to dismiss the defendant's counterclaim for breach of contract without prejudice so that they both could pursue appeals on the resolved claims.  *Page Plus*, 733 at 659.  The district court granted the dismissal, with a stipulated agreement that if the defendant received an adverse judgment on appeal, defendant would be allowed to reassert the counterclaim following remand, and plaintiffs agreed not to assert any defense based on the

passage of time. *Id.* We held that this conditional dismissal did not meet the "traditional test of finality," because instead of guaranteeing an end to the litigation, the order ensured that "the reserved claim would 'spring back to life' if . . . any of the issues teed up for our consideration by the parties were reversed." *Id.* at 660. Here, Rowland similarly dismissed her state claims for the purpose of pursuing what would otherwise be an interlocutory appeal on other issues. This tactic presents, in essence, the same issue we confronted in *Page Plus*, because Rowland's claims can also "spring back to life" if we were to reverse the summary judgment on any of her federal claims. *Id.* Although there was no formal stipulation of dismissal submitted by the parties here, the record reflects that both sides jointly agreed with this maneuver. Moreover, the defendants offered no objection to Rowland's request that her dismissed claims be reinstated if we grant her a favorable outcome on her resolved claims. Such attempts at obtaining an effectively interlocutory appeal contravene the purpose of the finality requirement, which is intended to prevent parties from pausing the litigation, appealing, then resuming the litigation on a "half-abandoned claim if the case returns." *Id.* This type of piecemeal appeal "diminishes the role of the district court, delays the district court proceedings and wastes appellate court resources." *Id.* at 661.

Furthermore, this case does not fall into any of the exceptions that Congress and the courts have carved out from the finality requirement. Rowland failed to use the prescribed methods for pursuing interlocutory appeals, including Rule 54(b) and 28 U.S.C. § 1292(b), which allow for flexibility in determining when an appeal is appropriate before all claims have been resolved. Rule 54(b) is particularly relevant in this context, given Rowland's claim that the voluntary dismissal of the state claims was intended simply to save time and promote judicial economy. Rule 54(b) effectuates that exact purpose, providing, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). If a party seeks an immediate appeal from the final disposition of only some of her claims, as Rowland does here, she must ask the district court to grant a certification under Rule 54(b). Describing the test for Rule 54(b) certification in greater detail, we stated:

Accordingly, "[p]roper certification under Rule 54(b) is a two-step process," and we review each step under a different standard. *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). Importantly, Rule 54(b) does not require a district court to "enter the partial final judgment in its certification of an immediate appeal pursuant to Rule 54(b)." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002). Rather, the court "simply must recognize that such a partial final judgment has been entered." *Id.* We review this first step de novo. *Planned Parenthood*, 696 F.3d at 500. "Second, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (quoting *Gen. Acquisition*, 23 F.3d at 1026). We review this second step for an abuse of discretion. *Id.*

*Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 494 (6th Cir. 2016). We have also identified several factors that district courts should consider when deciding whether there is a just reason for delay, including:

(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 497 (quoting *Planned Parenthood*, 696 F.3d at 503). We review the district court's application of these factors for abuse of discretion to confirm that hearing the appeal would be a proper use of finite appellate court resources. But the initial determination of both steps in the Rule 54(b) process must be made by the district court. *Id.* at 496. If we were to allow what the parties and district court did here, it would render this entire framework meaningless, as litigants could easily sidestep the Rule 54(b) process and obtain an immediate appeal any time the court entered final judgment on a single claim. Rule 54(b) certification remains a viable path for the parties to obtain appellate review of the resolved claims in this case, so long as the parties and district court follow the proper procedures for a determination under the rule.

Even outside these express interlocutory appeal methods, we reasoned in *Page Plus* that appellate jurisdiction might possibly still exist where, as in this case, the parties voluntarily dismiss all remaining claims without prejudice before appealing the claims actually resolved below.   733 F.3d at 661.   Clarifying our prior precedent,[1] we stated that finality might be established if one of two rationales applies:

> [o]ne is that a voluntary dismissal comes at a cost.  When voluntarily dismissing a claim, a party assumes the risk that the statute of limitations, any applicable preclusion rules or any other defenses might bar recovery on the claim.  And the party loses any leverage that the claim provides in the initial action, all of which makes dim the likelihood that a party will use a voluntary dismissal to manufacture finality in order to file piecemeal appeals.  The other is that a claim voluntarily dismissed without prejudice must be re-filed in a separate action. There thus is no risk that the same case will produce multiple appeals raising different issues.

*Id.*   In *Page Plus*, neither rationale was met, because the parties agreed that defendant's counterclaim was safe from any time-based affirmative defenses and that defendant could revive its counterclaim in the same action, presumably to avoid any *res judicata* issues associated with the voluntary dismissal.  *Id.*

As in *Page Plus*, neither rationale applies to establish finality here.  Rowland pursued this immediate appeal with the intention of assuming no risk as to the dismissed claims.  The briefing makes clear that Rowland appealed from the order dismissing her remaining claims in order to toll the statute of limitations on her state-law negligence claims and negate that affirmative defense while pursuing her appeal.  She also did not assume the risk of any *res judicata* defense because, like the defendant in *Page Plus*, she intended to revive her dismissed claims in this same action if we reversed on the federal claims.  The second rationale does not apply for the same reason, because Rowland's dismissed claims could be reinstated in this same action and

---

[1]In *Hicks v. NLO, Inc.*, 825 F.2d 118 (6th Cir. 1987) (per curiam), we held that voluntary dismissal of all claims surviving summary judgment did create a final order.  However, we later noted in *Page Plus* that *Hicks* was "a summary decision" that "did not explain its rationale."  *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 661 (6th Cir. 2013).  To that end, in *Page Plus* we noted two rationales, not present here, that might permit an order dismissing claims voluntarily without prejudice to establish finality for the purposes of 28 U.S.C. § 1291. *Page Plus*, 733 F.3d at 661.

remanded, so there would be no need to re-file in a separate action.  Consequently, Rowland's voluntary dismissal gave her a risk-free means of obtaining piece-meal review.

The dismissal will likely produce multiple appeals from this single case.  If we were to exercise appellate jurisdiction and reverse the district court on some or all of the federal claims on which it granted summary judgment, Rowland would certainly reinstate her state-law claims.  Once the district court issues a final decision on those claims, "the losing party undoubtedly will appeal to this court, necessitating refamiliarization with the case."  *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1076 (9th Cir. 1994).  That we may have to revisit these claims in a later appeal means the claims are "not settled, only on hold," which "alone is enough to defeat our jurisdiction," in the Seventh Circuit's view.  *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1437 (7th Cir. 1992).  In essence, the dismissal without prejudice means that the claims "remained in the district court pending a decision by [the court of appeals]."  *Dannenberg*, 16 F.3d at 1077.

This disjointed approach to appellate review violates the finality requirement and wastes appellate court resources.  Relying on well-settled Seventh Circuit precedent, we stated in *Page Plus* that "when a claim may 'come back on a second appeal,' it is appropriate to conclude that 'the decision cannot be considered final.'"  *Page Plus*, 733 F.3d at 661 (quoting *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir. 2010)).  Furthermore, nothing would prevent Rowland from pursuing more than two merits appeals.  A litigant with multiple claims could serially set up one claim for appellate review at a time, so long as the claims are dismissed before the lower court can issue a final judgment.  *See Page Plus*, 733 F.3d at 661; *Dannenberg*, 16 F.3d at 1076.  Instead of promoting judicial economy or efficiency, this instead mires the court of appeals in endless appeals stemming from the same underlying dispute.

Rowland would have to re-file her state-law claims in a separate action only if we affirmed the district court's summary judgment on all of the federal claims.  Even if the appeal on the federal claims was wholly unsuccessful, a court of appeals decision could yield sympathetic language that Rowland could point to in order to bolster her state-law claims at trial.  This type of benefit, however marginal it may be, provides an incentive to circumvent the finality requirement and to "force the appellate court to address every perceived mistake of the

district court instead of only the issues on which the litigation turns." *Page Plus*, 733 F.3d at 661.

That the district court acquiesced to the dismissal is of no consequence. The district court did not consider finality and the parties never raised the point below. As we observed in *Page Plus*, the "district court's views on finality at any rate matter only when expressed through a Rule 54(b) determination." 773 F.3d at 662.

Our decision is consistent with the rulings of all but one of the other circuits to address this issue. The Eleventh Circuit held that it was well-settled that "voluntary dismissals, granted without prejudice, are not final decisions themselves and also do not transform an earlier partial dismissal or partial summary judgment order into a final decision." *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 13 (11th Cir. 1999). The Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have similarly held that such dismissals are impermissible attempts to circumvent the finality requirement of § 1291. *See Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 439–40 (3d Cir. 2003); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 301–02 (5th Cir. 1978); *Union Oil Co. of Calif. v. John Brown E & C*, 121 F.3d 305, 312 (7th Cir. 1997); *Clos v. Corr. Corp. of Am.*, 597 F.3d 925, 928 (8th Cir. 2010); *Dannenberg*, 16 F.3d at 1075–76; *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992). The only circuit to buck this trend appears to be the Second Circuit, where the court departed from its own precedent and held that a dismissal without prejudice did establish finality. In *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003), the Second Circuit reasoned that "Purdy runs the risk that if his appeal is unsuccessful, his malpractice case comes to an end. We therefore hold that a conditional waiver such as Purdy's creates a final judgment reviewable by this court." *Purdy* purported to distinguish *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 654–55 (2d Cir. 1996), which had reasoned that "because a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." We disagreed with the *Purdy* approach in *Page Plus*, noting that "finality either exists at the time an appellate court decides the appeal or it does not," and "[i]f the possibility of finality alone establishes finality, the word has no meaning, and § 1291 serves little

purpose." *Page Plus*, 733 F.3d at 662. In any event, our decision today follows from our own firm precedent and is supported by the majority of rulings from other circuits on this issue.

If Rowland still desires quick appellate review of the district court's summary judgment on the federal claims, multiple options are available to her at the district court. First, she can return to this court immediately by dismissing her state-law negligence claims with prejudice, "thus 'finalizing' the partial summary judgment." *Dannenberg*, 16 F.3d at 1076. Second, she can return to the district court and request a Rule 54(b) certification. If the district court properly decides that there is "no just reason" for delaying the appeal of her federal claims—applying the relevant factors—then Rowland can pursue this appeal without dismissing her remaining state law claims. If the goal was to promote judicial economy and the interests of justice, as Rowland asserts on multiple occasions in this appeal, then the proper approach would have been to go through the Rule 54(b) analysis and obtain a certification to appeal the federal issues. The determination would be subject to our review on such an appeal. Third, Rowland can seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Jurisdiction under the statute is limited to situations involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," so long as the district judge states that such is the case in writing and the appellate court agrees to accept the appeal. § 1292(b).

These options are generally available to litigants facing partial summary judgment, and we make no decision as to whether any would apply here. Finally, Rowland can of course forgo an immediate appeal and first litigate the state-law claims at the district court. According to the defendants' counsel at oral argument, that was what the district judge had originally planned to do before the parties sought to dismiss the state-law claims instead. Rowland can then appeal from the final disposition of all of her claims.

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting.   At the heart of this thorny jurisdictional issue is the question of how much weight we should accord a party's desires versus a district court's written order.   Because I believe that the plain language of the district court's order dismissing Rowland's state-law claims controls the outcome of this case over Rowland's stated intentions, I respectfully dissent.

Rowland filed a complaint in federal district court against Defendant Southern Health Partners ("SHP") and its nurses, Defendants Jane Bartram, Stacey Jensen, and Sabina Trivette, alleging federal constitutional claims under 42 U.S.C. § 1983, state-law claims for negligence and gross negligence, and a claim for punitive damages.   R. 1 (Complaint at 7–8) (Page ID #7–8).   The district court granted summary judgment in favor of Defendants on her federal constitutional claims and several of her state-law claims and denied her claim for punitive damages.   Because the district court retained jurisdiction over her remaining state-law claims, finding that they survived summary judgment, Rowland was left with a partial-summary-judgment order that, on its own, did not constitute a final appealable decision.   So the parties began to prepare for trial to litigate the remaining state-law claims.   But they soon paused their preparations.   During a status teleconference with the district court, both Rowland and Defendants "agreed that their preferred method of moving forward [was] to dismiss [Rowland's] remaining [state-law] claims so that Plaintiff Kimissa Rowland may appeal the Court's Order granting summary judgment in favor of the defendants as to the constitutional claims."   R. 91 (Order at 1) (Page ID #2178).   Accordingly, the district court dismissed the remaining claims without prejudice and struck the case from the court's active docket.   *Id.*   Rowland then appealed the district court's grant of summary judgment and the order dismissing her remaining state-law claims.   R. 92 (Notice of Appeal) (Page ID #2180).

Generally, federal courts of appeals may review only "*final* decisions of the district courts."   28 U.S.C. § 1291 (emphasis added).   "A 'final decision' is one 'by which a district court disassociates itself from a case.'"   *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015)

(quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). Although the Supreme Court interprets § 1291 in a "'practical rather than a technical'" manner, the statute essentially applies to "rulings that terminate an action." *Id.* at 409 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)). The issue we face today is one that has troubled courts of appeals for over forty years: whether an order granting a motion to voluntarily dismiss an action without prejudice under Federal Rule of Civil Procedure 41(a)(2) constitutes a "final decision" from which plaintiffs may appeal prior adverse decisions that resolved only some of their claims. Nearly every circuit has weighed in on this question with inter- and intra-circuit splits causing confusion and frustration for both courts and litigants. *See Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1236–37 (11th Cir. 2020) (William H. Pryor, C.J., joined by Luck, J., concurring) (discussing the existing inter- and intra- circuit splits as well as the myriad of exceptions to purportedly bright-line rules establishing the nonfinality of voluntary dismissals without prejudice); *see also* Terry W. Schackmann & Barry L. Pickens, *The Finality Trap: Accidentally Losing Your Right to Appeal (Part II)*, 58 J. Mo. B. 138, 138 (2002) (noting that the majority of circuits as of 2002 did not consider voluntary dismissals without prejudice as final appealable decisions but "have carved often-unpredictable exceptions into" the application of this standard).

Rowland, inadvertently and perhaps unwittingly, stepped into this quagmire. In fact, neither party disputed that we had appellate jurisdiction over Rowland's appeal. Even after we asked for supplemental briefing, neither party contended that we lacked appellate jurisdiction over Rowland's appeal to the extent it challenged the claims dismissed by the grant of summary judgment ("summary-judgment claims"). We, however, have an independent obligation to assure ourselves that appellate jurisdiction exists, even when neither party raises the issue. Thus, the question before us is, under *this* court's precedent, did the voluntary dismissal without prejudice of the state-law claims constitute a final decision such that Rowland could appeal the partial-summary-judgment order? The majority answers no, relying heavily on *Page Plus of Atlanta Inc. v. Owl Wireless, LLC*, 733 F.3d 658 (6th Cir. 2013). I, however, believe that *Page Plus* and our earlier decision in *Hicks v. NLO, Inc.*, 825 F.2d 118 (6th Cir. 1987) (per curiam), compel us to answer yes and that we have appellate jurisdiction over Rowland's summary-judgment claims.

Our caselaw concerning whether voluntary dismissals without prejudice are final can be traced to two opinions that predate *Page Plus*: *Management Investors v. United Mine Workers of America*, 610 F.2d 384 (6th Cir. 1979), and *Hicks*. We start, as we must, with them. *Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.").

*Management Investors* is a mirror image of this case. The plaintiff brought suit alleging both state and federal claims. The district court declined to exercise pendent jurisdiction over the state-law claims and dismissed them from the action. *Mgmt. Invs.*, 610 F.2d at 388. In response, the plaintiff "requested and was granted a voluntary dismissal without prejudice of its [federal] claims pursuant to Rule 41(a)(2)." *Id.* The plaintiff then appealed the dismissal of its pendent state-law claims, and the defendant argued that the plaintiff lacked standing to appeal due to the voluntary dismissal without prejudice. We agreed. We observed that "[i]n some cases involving multi-count complaints, a court will permit a plaintiff who has voluntarily dismissed certain of the counts to appeal from an involuntary dismissal of the remaining counts." *Id.* at 394 (citing *Div. 241 Amalgamated Transit Union (AFL-CIO) v. Suscy*, 538 F.2d 1264, 1266 & n.1 (7th Cir. 1976) (holding that the court had appellate jurisdiction over the adverse dismissal of one claim where the district court granted the plaintiff's request to voluntarily dismiss the remaining claims without prejudice)). Although plaintiffs and district courts use Rule 41(a) to accomplish the dismissal of remaining claims, we noted that the procedure "is more properly viewed as a Rule 15 amendment to the complaint." *Id.* Often, "this procedural difference may be of no consequence when claims of equal footing are involved." *Id.* at 395. But in *Management Investors*, "it ma[de] a great deal of difference" because the plaintiff's dismissal of the federal claims meant that there were no federal claims to which the state claims could be appended. *Id.* In essence, the plaintiff had voluntarily removed any basis for federal subject-matter jurisdiction, which then precluded the plaintiff "from complaining of the district court's dismissal of the pendent state claims." *Id.* Here Rowland did the opposite; she voluntarily dismissed pendent state-law claims, which did not affect the jurisdictional basis of her federal and state summary-judgment claims.

In *Hicks*, we addressed the issue left open in *Management Investors*: whether we could exercise appellate jurisdiction over involuntarily dismissed claims when a plaintiff has voluntarily dismissed without prejudice any remaining claims and the voluntarily dismissed claims were not the sole basis for the district court's subject-matter jurisdiction. After the district court granted summary judgment on all but one of the plaintiff's claims in favor of the defendants, the plaintiff dismissed without prejudice the remaining claim, and the district court and defendants signed the stipulation to dismiss. *Hicks*, 825 F.2d at 119–20. The plaintiff then appealed the partial-summary-judgment order, but the defendants moved to dismiss the appeal, arguing that the plaintiff's voluntary dismissal did not impart finality to the summary-judgment order. *Id.* at 120. We disagreed and held that the voluntary dismissal did in fact create a final order that allowed us to exercise appellate jurisdiction, even though the district court did not certify the summary-judgment order under Rule 54(b). *Id.* ("Where a court has entered judgment against a plaintiff in a case involving more than one claim and the plaintiff voluntarily dismisses the claim or claims, which made the judgment non-appealable and the dismissal is brought to the attention of the district court, this Court will not penalize the plaintiff by dismissing his or her appeal."). Here the district court signed and entered the voluntary dismissal order, bringing this case within the ambit of *Hicks*, at least in terms of this court exercising appellate jurisdiction over Rowland's summary-judgment claims.

The majority opinion argues, however, that *Page Plus* "is directly on point" and thus controls the outcome of this case. Maj. Op. at 4. In *Page Plus*, the district court entered an order under Rule 41(a)(2), dismissing without prejudice the damages component of a counterclaim that remained after it granted summary judgment in favor of the defendant. *Page Plus*, 733 F.3d at 659. The order also stipulated that the parties agreed that the defendant could reassert the voluntarily dismissed counterclaim following remand from the appeal and that the plaintiffs would not assert any affirmative statute-of-limitations defenses against the reasserted claim. *Id*. Both parties then appealed different parts of the district court's summary-judgment order. Because of the stipulation, we held that we did not have jurisdiction over either party's appeal because the *conditional* voluntary dismissal did not create a final order. *Id.* at 660–62. In doing so, we had to distinguish *Page Plus* from *Hicks*, where we held that a voluntary dismissal without prejudice of all remaining claims "imparted finality to the District Court's earlier order

granting summary judgment." 825 F.2d at 120. We concluded that two rationales separated the dismissal in *Hicks* from the conditional dismissal in *Page Plus*. We recognized that voluntary dismissals generally come with a cost because "a party assumes the risk that the statute of limitations, any applicable preclusion rules or any other defenses might bar recovery on the claim." *Page Plus*, 733 F.3d at 661. We also noted that "a claim voluntarily dismissed without prejudice must be re-filed in a separate action," which removes the "risk that the same case will produce multiple appeals raising different issues." *Id.* The conditional dismissal in *Page Plus* flouted both of those rationales because the parties agreed that the plaintiffs would not raise "any time-based affirmative defenses" against the voluntarily dismissed claim and because the parties agreed that the defendant could "revive" the claim in the same case. *Id.* at 661–62. In sum, the party dismissing the claim assumed no risk to obtain the appeal.

The majority believes that Rowland's voluntary dismissal mirrors the conditional dismissal in *Page Plus*. Maj. Op. at 5, 7–8. But the majority glosses over two very important differences that distinguish this case. Unlike in *Page Plus*, here nothing in the district court's order states or even hints that the parties agreed that Defendants would not assert any time-based affirmative defenses against the voluntarily dismissed state-law claims. In fact, Defendants have explicitly stated that they believe that any re-filing of the voluntarily dismissed claims would be time-barred. Appellee Supp. Br. at 4. The majority makes much of the fact that Rowland believes that the voluntarily dismissed claims will not be time-barred. Maj. Op. at 7. But just because Rowland *believes* this to be the case does not mean that she has not run the risk that the statute of limitations "might bar recovery on the claim[s]." *Page Plus*, 733 F.3d at 661. Defendants' contention that her re-filed claims would be time-barred puts into stark relief the reality that Rowland has indeed assumed some risk, regardless of how the time-bar issue is ultimately resolved by the courts.

The majority runs into the same issue in regard to Rowland's belief that her claims could be reinstated should she receive a favorable ruling on appeal. Unlike in *Page Plus*, nothing in the district court's order in this case stipulates that the parties agreed that Rowland could reinstate her claims upon remand, nor does the order authorize Rowland to reinstate her voluntarily dismissed claims should this court remand the case back to the district court.

We stated without any supporting citation in *Page Plus* that "a claim voluntarily dismissed without prejudice must be re-filed in a separate action." 733 F.3d at 661. Nothing in the district court's order contemplates that this unsupported position will not be enforced should we reverse any part of the district court's summary-judgment order and remand the case back to the district court. Wishes and intent alone do not make legal realities. In short, Rowland's hope that she has not incurred any risk by utilizing a voluntary dismissal without prejudice to seek an appeal of her summary-judgment claims does not trump the actual risks that Rowland has assumed.

Nor should we base appellate jurisdiction on a party's intent or on speculation about a party's future conduct. Rather than waste appellate resources by examining the record for the district court's intent or the parties' motivations to litigate or appeal, we should focus, as we generally do, solely on the formal content of the district court's orders and judgments. Any other standard leaves courts and litigants subject to unnecessary and frustrating uncertainties.

Furthermore, a decision to exercise appellate jurisdiction over Rowland's summary-judgment claims does not compel us to accede to her request to "restore[] and remand[]" her "state claims that were dismissed by the District Court without prejudice" should we decide to reverse any part of the district court's summary-judgment order. Appellant Br. at 43. We faced a similar issue when the parties in *Page Plus* returned to this court. After we dismissed the original appeals for lack of appellate jurisdiction, the parties again stipulated to an order dismissing the defendant's remaining counterclaims without prejudice under Rule 41(a)(2), but this time the order did not include the disapproved of conditional-reinstatement language. *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 602 F. App'x 232, 235 (6th Cir. 2015) ("*Page Plus II*"). The plaintiffs again appealed the summary-judgment order and appealed a ruling of the district court that was relevant only to the voluntarily dismissed counterclaim. *Id.* at 237. We exercised appellate jurisdiction over issues related to the summary-judgment order but dismissed the appeal to the extent it raised issues relevant to the voluntarily dismissed counterclaim because litigants generally cannot appeal a judgment entered with their consent. *Id.*; *see also Laczay v. Ross Adhesives, a Div. of Conros Corp.*, 855 F.2d 351, 354–55 (6th Cir. 1988).

The same rule bars Rowland from appealing the voluntary dismissal of her remaining state-law claims. Because she consented to their dismissal, she cannot now appeal the district

court's decision to grant her request to dismiss those claims. After the district court's partial grant of summary judgment to Defendants, our caselaw offered Rowland two choices. She could have continued to litigate her remaining state-law claims in the district court and then pursued an appeal of all adverse rulings, or she could have voluntarily dismissed her remaining state-law claims, with the district court's approval, in order to appeal the prior adverse ruling on her summary-judgment claims. *Hicks*, 825 F.2d at 120; *see also Sampson v. Gee-Cram*, 655 F. App'x 383, 387 (6th Cir. 2016) (noting that appellate jurisdiction existed when plaintiffs voluntarily dismissed their remaining claims without prejudice after the district court dismissed the plaintiffs' other claims). Having chosen to abandon her remaining state-law claims in exchange for the right to an immediate appeal of the ruling on her summary-judgment claims, Rowland must now face the risk that she assumed: a determination by a future trial court as to whether she may refile her state-law claims. But it is not within our purview to reinstate and remand those claims for her. *See Studstill v. Borg Warner Leasing, a Div. of Borg Warner Acceptance Corp.*, 806 F.2d 1005, 1008 (11th Cir. 1986) (per curiam); *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94–95 (2d Cir. 1987).

Although I believe that binding precedent authorizes us to exercise appellate jurisdiction over Rowland's appeal of her summary-judgment claims, many factors counsel against litigants requesting, and district courts approving, Rule 41(a) dismissals without prejudice to secure appellate review. Litigants confront a disturbing lack of predictability in circuits that allow or do not allow litigants to employ Rule 41(a) dismissals without prejudice to gain appellate review; intra-circuit splits and unclear exceptions exist both in circuits with a bright-line rule disfavoring such appeals and in circuits that routinely allow them. *See Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 654 (2nd Cir. 1996) (collecting cases demonstrating the numerous intra-circuit splits); *Corley*, 965 F.3d at 1236–37 (William H. Pryor, C.J., joined by Luck, J., concurring) (collecting cases "with exceptions to the purported nonfinality of voluntary dismissals"). The disagreement and confusion sown by the circuits signal that parties should be very wary of using Rule 41(a) as a mechanism for obtaining immediate appellate review. Today's decision underscores the gamble litigants take in choosing Rule 41(a)(2) as their path to an appeal. Nothing is certain, even in a circuit that purports to allow parties to utilize Rule 41(a)(2) voluntary dismissals to secure appellate review.

Second, although several courts have held that a Rule 41(a)(2) dismissal without prejudice constitutes a final decision that allows a party to appeal a prior involuntary adverse judgment, *see, e.g.*, *Corley*, 965 F.3d at 1231; *Helm Fin. Corp. v. MNVA R.R.*, 212 F.3d 1076, 1080 (8th Cir. 2000), *Microsoft Corp. v. Baker* portends that the Supreme Court would not look favorably upon the practice, 137 S. Ct. 1702 (2017). The district court in *Microsoft* denied the plaintiffs class-certification, and the plaintiffs attempted to gain appellate review of the district court's order by stipulating to a voluntary dismissal of their claims with prejudice, "but [they] reserved the right to revive their claims should the Court of Appeals reverse the District Court's certification denial." *Id.* at 1706–07. The Supreme Court held that such a voluntary dismissal "[did] not qualify as a 'final decision' within the compass of § 1291" because it "would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals, and subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders." *Id.* at 1707. Several courts employed very similar reasoning when dismissing appeals stemming from Rule 41(a) voluntary dismissals without prejudice. *See, e.g.*, *Page Plus*, 733 F.3d at 660–62 (noting that conditional dismissals without prejudice undercut §1291's finality requirements and subvert the purposes of Rule 54(b) and § 1292(b)); *Chappelle*, 84 F.3d at 654–55 (holding that all Rule 41(a) dismissals without prejudice violate § 1291's final-decision rule). The Supreme Court has yet to review a case where plaintiffs used a Rule 41(a) dismissal without prejudice to appeal a prior involuntary adverse judgment. Its decision in *Microsoft*, however, evinces a strong respect for rulemaking as the proper avenue for determining when a decision is final for the purposes of § 1291 or when a decision is otherwise appealable. *Microsoft*, 137 S. Ct. at 1714–15. Both *Microsoft* and the existence of intra- and inter-circuit splits counsel that in the future the Supreme Court may intervene and decisively bar litigants from using Rule 41(a) voluntary dismissals without prejudice as an option to pursue appellate review.

Importantly, litigants still retain several other options to secure appellate review of involuntary adverse judgments that do not decide the merits of all their claims. For example, Rowland could have sought a Rule 54(b) certification, which permits a district court to enter final judgment "as to one or more, but fewer than all, claims or parties" when "there is no just reason for delay." Fed. R. Civ. P. 54(b). She also could have sought an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). As mentioned earlier, a litigant could seek to eliminate

remaining claims by amending their complaint under Rule 15(a)(2), a procedure that, like Rule 41(a)(2), is subject to the district court's approval. *See Mgmt. Invs.*, 610 F.2d at 394 & n.22. And the majority of courts allow litigants to secure appellate review of prior involuntary adverse judgments when any remaining claims are voluntarily dismissed unconditionally *with* prejudice. *See Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 331–32 (6th Cir. 2018) (holding that the court could exercise appellate jurisdiction over prior involuntary adverse orders when a plaintiff voluntarily dismisses with prejudice any remaining claims without running afoul of § 1291 or *Microsoft*); *West v. Macht*, 197 F.3d 1185, 1188 (7th Cir. 1999) (collecting cases); 15A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 3914.8, at 623–26 (2d ed. 1992 & Supp. 2021) ("There is much to be said for a rule that routinely permits a plaintiff to manufacture finality by abandoning all remaining parts of a case but that forbids any attempt at recapture."). In light of the uncertainties and disapproval surrounding Rule 41(a) voluntary dismissals without prejudice, the availability of these alternatives should be a serious consideration when a district court decides to grant or deny a Rule 41(a)(2) voluntary dismissal.

Despite the majority's holding that we lack jurisdiction over Rowland's appeal, Rowland is not stuck in a finality trap, unable to appeal her summary-judgment claims but also without any recourse in the district court. *See generally* Terry W. Schackmann & Barry L. Pickens, *The Finality Trap: Accidentally Losing Your Right to Appeal (Part I)*, 58 J. Mo. B. 78 (2002); *but see Williams v. Seidenbach, Inc.*, 935 F.3d 358, 361 (5th Cir. 2019) (Haynes, J., concurring) ("Indeed, the very fact of a 'trap' should 'tip us off that [the finality trap] rests on a mistaken view' of the law." (alteration in original) (quoting *Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019))), *rev'd en banc*, 958 F.3d 341 (5th Cir. 2020). The majority's decision that the Rule 41(a)(2) order did not create a final judgment allows Rowland to request that the district court vacate the order, or the district court could decide *sua sponte* that it will vacate the order. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." (internal citation omitted)); *In re Saffady*, 524 F.3d 799, 802–03 (6th Cir. 2008) (holding that a district court can vacate orders prior to entry of final judgment even if done *sua sponte*); *see also Yesh Music v.*

*Lakewood Church*, 727 F.3d 356, 361–62 (5th Cir. 2013) (collecting cases holding that a district court may vacate a Rule 41(a) voluntary dismissal without prejudice under Rule 60(b)).

Although Rowland's route to appellate jurisdiction is a disfavored route, in contrast to § 1292(b) or Rule 54(b), our binding precedent does not foreclose her effort. Despite Rowland's wishes, the plain language of the district court's order and the stance taken by Defendants demonstrate that she has assumed, albeit unwillingly and perhaps unwittingly, the requisite risks our precedent demands from parties that attempt to secure appellate review of adverse judgments by voluntarily dismissing lingering claims without prejudice. Because Rowland has met the conditions of this circuit's binding precedent, we should hold that she has established appellate jurisdiction over her summary-judgment claims. For all these reasons, I respectfully dissent.